HALBERT B. WARREN, Appellant, *v.* ROSE WERTHER, Doing Business under the Trade Name of "PRODUCE EXCHANGE BATHS" and under the Name of "ESTATE OF JEAN E. WERTHER," Respondent.

*Warren v. Werther,* 182 App. Div. 783, affirmed.

(Argued January 19, 1920; decided February 24, 1920.)

APPEAL from a judgment, entered March 20, 1918, of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of the defendant. The defendant conducted a bathing establishment in the city of New York wherein what are commonly known as "Turkish" baths were provided for the public for a compensation. On April 13, 1916, the plaintiff entered the defendant's premises, prepared himself for the bath and was directed to the hotroom which he entered, and according to his testimony conversed for a few moments with some other bathers who were there, then sat down in a chair and became unconscious, recalling nothing beyond that. He estimated the time during which he sat in the hotroom before he became unconscious as from ten to fifteen minutes. The hotroom was furnished with chairs along its side, with a strip of cloth or rug in front thereof, the balance of the floor being of white marble. When plaintiff was removed to the outer room by one of the attendants he was burnt on the forehead, eyelids, right arm, body and limbs. The case was submitted to the jury on two theories of negligence: *First.* That plaintiff was entitled to reasonable protection and reasonably sufficient attendance and attention from the defendant, such as a person of ordinary prudence engaged in such a business

would supply for a patron. *Second.* That the floor of the hotroom was not sufficiently covered and that it was negligent not to have the whole floor thereof protected by carpets or rugs. The Appellate Division held that upon the whole case there was no theory upon which defendant ·could be held liable for negligence.

*Ira L. Anderson* and *Wendell P. Barker* for appellant. *James B. Henney* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ELKUS, JJ.