ANTONIE BOETTCHER, Respondent, *v.* VICTOR J. DOWLING and Another, as Receivers of the INTERBOROUGH RAPID TRANSIT COMPANY, Appellants.

First Department, February 15, 1935.

*James Hess* of counsel [*James L. Quackenbush*, attorney], for the appellants.

*Robert G. Sheller* of counsel [*Desmond T. Barry* with him on the brief; *Barry & Sheller*, attorneys], for the respondent.

McAvoy, J. The action is one to recover money damages for personal injuries alleged to have been sustained by the plaintiff on April 28, 1933, about two-thirty P. M., at the station of the subway railroad operated by the defendants, located at Ninety-sixth street and Broadway, New York, N. Y.

Plaintiff claims that the defendant's negligence consisted of permitting the flooring of the arcade to be in a " slippery and muddy " condition. Her witness Kimmerle testified that the passageway was wet in its entire length for a distance of two and one-half to three feet from each side wall; that the " water and the dirt from the passageway sort of mixed together, that is the only thing I could observe there;" that it was in a slippery condition.

Police Officer Brogan, called by the plaintiff, testified that when he arrived at the station plaintiff was in the ticket booth, and she told him that she fell on the stairway in the lower passageway and not on the floor of the passageway; that he noticed her clothing; that the outer garment was soiled and the left arm was damp.

Defendant's witness Jackson testified that he started washing the tiling on the sides of the arcade or passageway about one P. M. on the day of the accident, using a brush and a pail containing water and a gritty cleansing powder; that the water ran down the sides of the walls, wetting the passageway for a distance of about a foot from each side wall; that when he had finished washing the walls, he took a broom and swept the water into the sewer or drain at the end of the passageway, causing the floor to become somewhat

wet for about two feet from each side wall; that after sweeping the water into the drain he used a mop and dried up what remained and then put sand on it; that he finished his work at two-ten P. M., and at that time the space along the edge of the walls for a space of about two feet in the passageway from each side wall was a little damp, but no water was there; that the powder he used mixed with the water was not soapy or greasy, but a gritty substance.

The trial justice stated in his opinion that the defendants' negligence consisted of permitting an accumulation of water and dirt to form and make a wet, muddy and slippery compound on the floor of the tunnel at the foot of the stairway and that the porter negligently permitted this to remain.

There is no evidence that the porter " pushed the accumulated water and dirt, which created a muddy, slippery compound, along the floor."

The measure of duty in cases of this character is reasonable care.

The recent case of *Miller* v. *Gimbel Bros., Inc.* (262 N. Y. 107) held, in substance, that a wet floor with mud thereon is not a dangerous condition, unless the owner of the premises failed to remedy the condition which had become dangerous after actual or constructive notice of such condition.

There is no showing here that the defendants had actual or constructive notice of a dangerous condition.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.