HAZEL COTE, as Ancillary Administratrix of the Estate of JOSEPH A. COTE, Deceased, Respondent, *v.* BOSTON AND MAINE RAILROAD, Appellant.

Argued April 19, 1938; decided May 24, 1938.

*Charles E. Nichols* for appellant.  No cause of action exists under section 232 of chapter 160 of the General Laws of Massachusetts for an accident occurring at a private crossing, and hence this action for causing death in Massachusetts can be maintained only under section 3 of chapter 229 of the General Laws of that State. (*Wooden* v. *Western N. Y. & P. R. R. Co.*, 126 N. Y. 10; *Cuba R. R. Co.* v. *Crosby*, 222 U. S. 473; *Foynes* v. *N. Y. C. R. R. Co.*, 276 Mass. 89; *Berube* v. *N. Y., N. H. & H. R. R.*, 234 Mass. 415; *Davis* v. *N. Y., N. H. & H. R. R.*, 272 Mass. 217.)  Invitation or inducement to the public to use a private crossing does not change it into a public highway requiring statutory signals but only imposes the duty of giving reasonable warning.  (*Simpson* v. *Boston & Maine R. R.*, 176 Mass. 359; *Klegerman* v. *N. Y., N. H. & H. R. R.*, 290 Mass. 268; *Coakley* v. *Boston & Maine R. R.*, 159 Mass. 32; *Berube* v. *N. Y., N. H. & H. R. R.*, 234 Mass. 415; *Davis* v. *N. Y., N. H. & H. R. R.*, 272 Mass. 217; *Sypher* v. *Director General*, 243 Mass. 568; *Murphy* v. *Avery Chemical Co.*, 240 Mass. 150.)  The complaint should have been dismissed because of deceased's contributory negligence and his violation of law.  (*Cotter* v. *Boston R. R. Co.*, 237 Mass. 68; *Gaffney* v. *Bay State Ry.*, 221 Mass. 457; *Crough* v. *N. Y. C. R. R. Co.*, 260 N. Y. 227; *Schrader* v. *N. Y. C. & St. L. R. R. Co.*, 254 N. Y. 148; *Miller* v. *N. Y. C. R. R. Co.*, 226 App. Div. 205; 252 N. Y. 546; *Brown* v. *D. & H. Co.*, 231 App. Div. 570; *Fitch* v. *N. Y. C. R. R. Co.*, 233 N. Y. 356; *Barnasky* v. *N. Y., O. & W. Ry. Co.*, 226 N. Y. 435; *Mailhot* v. *N. Y., N. H. & H. R. R.*, 273 Mass. 277; *Pigeon* v. *Massachusetts, etc., Ry. Co.*, 230 Mass. 392; *Dolfini* v. *Erie R. R. Co.*, 178 N. Y. 1; *Hagglund* v. *Erie R. R. Co.*, 210 N. Y. 46; *O'Meara* v. *Boston & Maine*

R. R., 277 Mass. 315; *Gaboriault* v. *N. Y., N. H. & H. R. R.*, 289 Mass. 36.) Violation by deceased of a duty imposed upon him by statute required a dismissal of the complaint. (*Jones* v. *N. Y., N. H. & H. R. R. Co.*, 275 Mass. 139; *Tazzini* v. *Boston & Maine R. R.*, 277 Mass. 108; *Fortune* v. *N. Y., N. H. & H. R. R. Co.*, 271 Mass. 101; *Davis* v. *N. Y., N. H. & H. R. R. Co.*, 272 Mass. 217; *Anthony* v. *Boston & Maine R. R.*, 276 Mass. 392; *O'Meara* v. *Boston & Maine R. R.*, 277 Mass. 315; *Carcione* v. *Boston R. R. Co.*, 278 Mass. 357; *Gaffney* v. *Bay State Ry. Co.*, 221 Mass. 457; *Klegerman* v. *N. Y., N. H. & H. R. R. Co.*, 290 Mass. 268; *Cuba R. R. Co.* v. *Crosby*, 222 U. S. 473.)

*James A. Leary* and *Walter A. Fullerton* for respondent. The accident occurred at a public crossing. (*Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86; *Ticknor Bros., Inc.*, v. *Barley*, 149 App. Div. 871; *Layer* v. *City of Buffalo*, 274 N. Y. 135; *Schwier* v. *N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 558; *Hanks* v. *Boston & Albany Railroad*, 147 Mass. 495; *Johanson* v. *Boston & Maine Railroad*, 153 Mass. 57; *Murphy* v. *Boston & Albany Railroad*, 133 Mass. 121; *Skzypek* v. *Long Island R. R. Co.*, 245 App. Div. 309; 249 App. Div. 629; 275 N. Y. 508.) Defendant was negligent. (*Volkmar* v. *M. R. Co.*, 134 N. Y. 418; *O'Flaherty* v. *Nassau Electric R. R. Co.*, 34 App. Div. 74; *Thompson* v. *N. Y. C. & H. R. R. R. Co.*, 110 N. Y. 636; *Baker* v. *Lehigh Valley R. R. Co.*, 248 N. Y. 131; *Barnett* v. *N. Y. C. R. R. Co.*, 227 App. Div. 636; *Spitzer* v. *N. Y. C. R. R. Co.*, 211 App. Div. 332; *Greany* v. *Long Island R. R. Co.*, 101 N. Y. 419; *Henavie* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 280; *Browne* v. *N. Y. C. & H. R. R. R. Co.*, 87 App. Div. 206; 179 N. Y. 582; *King* v. *Weitzman*, 267 Mass. 447; *Broughton* v. *Boston & Maine Railroad*, 290 Mass. 80.) Decedent was not negligent. (*Fitzpatrick* v. *International Ry. Co.*, 252 N. Y. 127; *Sackhein* v. *Pigueron*, 215 N. Y. 62; *O'Connell* v. *McKeown*, 170 N. E. Rep. 402; *Broughton* v. *Boston & Maine Railroad*, 290 Mass. 80; *Sylvia* v. *N. Y., N. H.*

& H. R. R. Co., 6 N. E. Rep. [2d] 359; *Smith v. N. Y. C. & H. R. R. R. Co.*, 177 N. Y. 224; *Rush v. Bauland Co.*, 82 App. Div. 506; *Green v. Long Island R. R. Co.*, 131 App. Div. 277; *Eisenhauer v. Boston & Maine Railroad*, 285 Mass. 439; *Horton v. N. Y. C. R. R. Co.*, 237 N. Y. 38; *Hanks v. Boston & Albany Railroad*, 147 Mass. 495; *Lewis v. Long Island R. R. Co.*, 162 N. Y. 52; *Kujek v. Goldman*, 150 N. Y. 176; *Texas & Pacific Ry. Co. v. Harvey*, 228 U. S. 319; *King v. Weitzman*, 267 Mass. 447.)

HUBBS, J. This action was instituted by respondent as ancillary administratrix of the estate of her deceased husband, Joseph A. Cote, to recover damages under statutes of the State of Massachusetts for the death of the husband as the result of injuries sustained in a railroad crossing accident which occurred in Massachusetts. Under a separate cause of action she sought to recover for conscious pain and suffering endured by the deceased. The jury found for respondent upon the first cause of action but disagreed upon the question of liability for conscious pain and suffering. Thereupon, a judgment was entered severing the two causes of action, directing that the second cause of action be prosecuted and tried separately, trial to be stayed pending any appeal taken from the judgment to be entered upon the first cause of action and adjudging that respondent recover of appellant upon the first cause of action the sum of $6,000, with interest and costs. The judgment was affirmed by the Appellate Division, two justices dissenting upon the ground of errors in the charge and upon the further ground that it appeared that the decedent was guilty of contributory negligence as a matter of law.

It is unnecessary to consider whether the charge was erroneous since we reach the conclusion that the decedent was clearly guilty of contributory negligence as a matter of law. The Massachusetts statutes differ from our own in that, with respect to railroad crossings at grade which are public, contributory negligence sufficient

to bar a recovery must be gross or willful negligence as opposed to our own rule of lack of reasonable care. Chapter 160, section 232, of the General Laws of Massachusetts provides, in substance, that if a person is injured by collision with the engines or cars of a railroad company which neglects to give signals at a public crossing in the manner prescribed by orders of the department, and which neglect contributed to the injury, the corporation shall be liable, " unless it is shown that, in addition to a mere want of ordinary care, the person injured or the person who had charge of his person or property was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury."

It seems to be the rule that statutory signals are not necessary under the Massachusetts statutes at a private way but if a railroad invites or induces a person to treat a private way as a public way, then the railroad is required to use reasonable care as to such invitees. Section 15 of chapter 90 of the General Laws of Massachusetts provides: " Except as hereinafter otherwise provided, every person operating a motor vehicle, upon approaching a railroad crossing at grade, shall reduce the speed of the vehicle to a reasonable and proper rate, and shall proceed cautiously over the crossing. * * * Whoever violates any provision of this section shall be punished by a fine of not less than ten nor more than fifty dollars."

Violation of that provision of the statute has been held such a violation of law as to preclude a recovery under section 232 of chapter 160. (*Fortune* v. *N. Y., N. H. & H. R. R. Co.*, 271 Mass. 101.)

Thus, whatever the effect of the statute requiring proof that a person injured at a public crossing was guilty of gross or willful negligence in a case where the crossing is semi-public, a violation of law on his part contributing to the injury excepts the injured person from the benefit

of that rule and makes applicable the rule that he may not recover if not in the exercise of ordinary care or if not proceeding cautiously.

The accident which resulted in the death of respondent's intestate occurred on a private crossing which, however, had been planked by the appellant and over which persons were accustomed to pass in vehicles to attend ball games held on a field owned by the Barber Leather Company and for about twenty years prior to the accident used as a ball park. At the place in question the railroad ran east and west. On the north side of appellant's tracks there was a railroad station, known as Blackinton, with a road leading to it from a main highway running parallel to the railroad and some distance to the north. This crossing was just west of the westerly end of the railroad station and from the crossing a dirt road ran to the ball park which was some distance southeast of the station. Respondent, her intestate and their daughter, thirteen years old, had attended a ball game at the park. They left before the game was over at about four-fifteen P. M. of a bright, clear day. The deceased drove a Plymouth coupe with his wife and daughter in the seat with him, the daughter being in the middle. At a distance of twenty-five feet from the south rail of the east-bound track of appellant's road there is a gateway. The road from that point continues on about a seventeen per cent upgrade, passing over the tracks at a slight angle to the northeast direction.

It is fifteen feet from the south rail of the east-bound track to the south rail of the west-bound track, measuring along the center line of the crossing. There is evidence from photographs admitted and testimony relative thereto that at least after passing through the gateway it was possible to see for a considerable distance east and west along the track. Such evidence would indicate that at a point twenty-five feet south of the south rail of the west-bound track, which would be ten feet south of the south rail of the east-bound

track, the view to the east is 3,260 feet. It appears that the deceased, when reaching the gateway, was traveling at five miles per hour when he shifted into second gear and continued upgrade to the tracks, the grade being approximately a seventeen per cent grade, and that when his front wheels were just over the south rail of the east-bound track his wife saw the train approching from the east on the west-bound track about 200 feet away. She yelled to her husband that there was a train coming, opened the door, jumped from the car, pulling her daughter with her and both of them landing on the east-bound track. The train was traveling at a speed of approximately thirty-five miles per hour. The automobile continued on and was struck on the west-bound track and thrown a distance of 118 feet to the west.

Upon the question of care exercised by the deceased, it appears that as they came toward the fence or gateway, the wife looked to the right or east in the direction from which the train came, and the husband looked to the left or west; that after he shifted into second gear, husband, wife and daughter all looked both ways and that the wife and daughter saw nothing until they were on the east-bound track when the train was about 200 feet away. It is quite clear that the train was in view from the time they left the gateway unless their view was obstructed by brush between the gateway and the track and that certainly it was in view when they reached the east-bound track. There is testimony which the jury might have believed that there were weeds and brush between the fence and the track ten or twelve feet high. The wife testified that there were weeds and brush on the bank of the railroad probably ten or twelve feet high. However, if the view was obstructed, the duty rested upon the deceased to " reduce the speed of the vehicle to a reasonable and proper rate, and   *   *   *   proceed cautiously." (General Laws of Massachusetts, ch. 90, § 15.)

Even assuming that the view of deceased was obscured by trees and bushes, " He was heedless of ordinary precaution in a place which he must have known to be dangerous or he would not have driven on the tracks immediately in front of the train * * * He could not, except at his own risk, drive on the railroad track, relying on not having seen a train or heard a signal and taking no further precaution. If the crossing is dangerous, the care should be commensurate with the obvious risk." (*Crough* v. *New York Central R. R. Co.*, 260 N. Y. 227, 231.)

To the same effect is the rule under the decisions of the Massachusetts courts: " If, by reason of darkness or for any other reason the plaintiff's view of the track was obstructed so that he was unable to see the approaching car and engine, it was his duty to act with reasonable care and caution and to stop until he could ascertain whether he could cross safely." (*O'Meara* v. *Boston & Maine R. R.*, 277 Mass. 315, 319. See, also, *Gaboriault* v. *N. Y., N. H. & H. R. R. Co.*, 289 Mass. 36.)

Here, after deceased reached the east-bound track, he had a clear view for a long distance. There he could have stopped in safety, but either he did not have his car under such control that he could stop, or he elected to proceed. In either event, he failed to exercise the degree of care he should have exercised, and having failed so to do, there can be no recovery in this action.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.