BERT B. TRAUB, Respondent, *v.* PROGRESS COUNTRY CLUB, INC., Appellant.

First Department, February 3, 1939.

*Herbert F. Hastings, Jr.*, of counsel [*F. G. Mann* with him on the brief; *Herbert F. Hastings, Jr.*, attorney], for the appellant.

*William Cohen*, for the respondent.

CALLAHAN, J. Plaintiff was injured by slipping on the floor in the shower room of a golf club operated by defendant. At the time of the accident plaintiff did not know what caused him to fall, but after he had dressed he went back to the shower room and saw that the floor was wet, soapy and slippery.

There is no proof that defendant had notice of this condition.

There was usually a mat at the place where plaintiff slipped, but the mat was not on the floor at the time of the accident. The defendant's evidence disclosed that the mat had been taken out for the purpose of cleaning it.

The place of the accident was immediately adjoining the shower stalls, at a point where it might well be expected that the floor would be wet and slippery. Indeed, the trial court herein so instructed the jury.

The sole question left to the jury concerning defendant's negligence was whether or not the plaintiff might have anticipated that, without a mat, the danger of slipping would be so increased that a reasonably prudent person would have put a mat there.

In the case of *Abbott* v. *Richmond County Country Club* (211 App. Div. 231; affd., 240 N. Y. 693) plaintiff was injured by slipping on a concrete floor of a golf club, which was smooth and slippery. The floor had been covered with a thin coating of linseed oil to prevent dust, as was customary in floors used in golf club locker rooms. Such condition was held not to be sufficient to charge a reasonably prudent person with a duty to foresee that one, in the exercise of ordinary care, using the floor would be exposed to danger. We think there is less reason to apprehend danger in the present case, or to justify a finding of negligence because of the absence of a mat adjoining the shower stall.

The case of *Thompson* v. *Palladino* (250 App. Div. 817; affd., 275 N. Y. 633) is distinguishable upon its facts. There, it appeared that the entrance to defendant's business premises was constructed so that rain water falling upon a stairway of twelve to fourteen steps drained across a smooth tile landing at the bottom. Failure to remedy the dangerous condition thus created by defendant by improper construction of the premises was held to establish negligence. There is no evidence in the instant case that the shower room was improperly constructed, or improperly drained, or was so maintained that the amount of water on the floor was increased by any act of defendant.

Upon the evidence we find no actionable negligence.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., GLENNON and DORE, JJ., concur; UNTERMYER, J., dissents.

UNTERMYER, J. (dissenting).  Where, under the circumstances of the present case, a dangerous condition could have been rendered safe by the use of means readily available to the defendant, and which the plaintiff was justified in believing then to be in use, the question of negligence was properly submitted to the jury. (*Thompson* v. *Palladino*, 250 App. Div. 817; affd., 275 N. Y. 633.)

I, accordingly, dissent and vote.to affirm.

Judgment reversed, with costs, and the complaint dismissed, with costs.