Elizabeth C. Conroy, Respondent, *v.* Saratoga Springs Authority, Appellant.

Third Department, May 1, 1940.

*Spencer B. Eddy [Francis E. Dorsey* with him on the brief], for the appellant.

*Carroll & Amyot [Edmond N. Amyot* of counsel], for the respondent.

Heffernan, J. This action is to recover damages for personal injuries alleged to have been sustained by plaintiff by falling on

the floor of defendant's bath house. She has recovered judgment for the consequent injuries. The only question presented on this appeal is whether or not defendant exercised reasonable care in maintaining the floor in the condition described in the testimony.

Defendant is a public benefit corporation organized under chapter 208 of the Laws of 1933. It operates a bath house known as the Roosevelt Baths on property owned by the State of New York in the city of Saratoga Springs. At about one o'clock in the afternoon of June 8, 1939, plaintiff entered defendant's bath house for the purpose of taking a Turkish bath. After payment of the usual fee for the desired treatment plaintiff was placed in charge of an attendant and assigned to a dressing room where she disrobed. She was furnished with a sheet and a pair of paper slippers. She was then taken to the steam room where she remained for not to exceed ten minutes. Upon leaving the steam room, garbed in sheet and slippers, plaintiff was escorted by the attendant along a tiled corridor for further treatment in a cabinet. The corridor was covered in the center by a rubber mat two feet in width. Plaintiff testified that, while walking along the mat, she expressed a desire for a drink of water and that, in compliance with her request, the attendant directed her to a drinking fountain located in the corner of the room. She took one step toward the fountain and fell to the floor. Upon being questioned by her counsel as to what happened after her attention was directed to the drinking fountain she testified as follows: " I turned around to see where she pointed; I followed where she pointed and turned around and just put one foot on the tile off the rubber mat, just took a turn and one step, and I — Q. What happened to you then when you put one foot out on the tile? A. I slid right out and down. Q. Describe the condition — and then after you struck the floor do you remember what happened to you? Tell us what you know about it following that. A. When I fell I sort of, you know, tried to balance myself. I knew I was falling and I went down and I hollered and then I went out of the picture."

On cross-examination in her description of the floor she said: " Q. Did you observe the floor before you fell? A. I simply turned around to get the drink as directed. Q. Did you observe the floor before you fell? A. I glanced at it. Q. And did you notice it was wet then? A. No. Q. You didn't notice it was wet? A. No. Q. So there wasn't any pool of water or anything like that on the floor, was there? A. There was no pool of water and — Q. Is that right? A. Where I stepped? Q. Yes? A. The floor was moist. Q. You noticed that the floor was moist? A. Yes. Q. But you didn't notice that moisture before you fell? A. No.

Q. Was it moist just where you fell or was it moist all over the entire floor? A. I only took one step. Q. I just want to know what you noticed while you were on the floor or while you were being helped up about this condition of the floor; was it simply moist where you fell? A. When I was being helped up it was all wet. Q. The entire floor? A. Right where I was. Q. Just the one place where you fell? A. Right where I was."

At the close of plaintiff's case, and again at the conclusion of all the proof, the trial judge denied defendant's motion for a dismissal of the complaint and left to the jury the questions of defendant's negligence and plaintiff's freedom from contributory negligence. There is a sharp conflict in the testimony as to whether or not the floor was wet. Assuming, however, that the jury might have found that it was, that alone would not establish negligence on defendant's part. The existence of a wet spot on the tile floor such as is described by plaintiff does not in and of itself establish a cause of action even though plaintiff fell thereon. The court is presumed to know what every one else knows that tile floors are more or less slippery and that such a condition in a bath house is necessarily incidental to the use of the bath. No attempt was made to prove how or by whom this wet spot was caused or how long it had existed. It was not enough for plaintiff to show that the floor was wet. The burden was on her to go further and show its presence under circumstances sufficient to charge defendant with responsibility therefor. This she failed to do.

There is not the slightest bit of proof that the floor was defective in any respect. The plans for the bath house were designed by competent architects and engineers and were approved by defendant on February 21, 1934, and the building was constructed in accordance with such plans.

The defendant is not an insurer against accidents to persons entering its premises for lawful purposes. It is the duty of one conducting a public bath house for profit to be reasonably sure that he is not inviting patrons into danger and to exercise ordinary care for their safety. Injuries sustained in consequence of a failure to perform this duty are compensable. The want of knowledge of an unsafe condition which by ordinary care might have been discovered will not excuse liability. It should also be borne in mind that a patron of a public bathing resort owes a reciprocal duty to the proprietor while in the latter's premises to use ordinary care to avoid injuring himself. While he has the right to rely upon the assumption that the proprietor has discharged his duty and provided a place that is reasonably safe for the use invited, and is not required to make a critical inspection to assure himself that it

is safe, he is not relieved of the duty to exercise ordinary care both to avoid known and appreciated dangers and to discover conditions of danger to which he might become exposed. Where one voluntarily subjects himself to a peril known to him or generally observable by a person of ordinary prudence in his situation he cannot recover damages sustained thereby.

Plaintiff strenuously urges that questions of fact are involved here which should be determined by a jury. We think otherwise.

The law does not require that every case bearing the label of negligence, regardless of evidentiary aspect, must be determined by a jury. The error is just as pernicious to submit a case to a jury and permit that body to speculate with the rights of litigants where no question for a jury is involved as it is to deny to a suitor his right to a determination by such a tribunal where a question of fact is presented.

The evidence in this case does not justify the conclusion that a reasonably prudent person would or should anticipate that one in the exercise of ordinary care using the floor would be exposed to danger. Principle and precedent require a reversal of the judgment and a dismissal of the complaint. (*Curtiss* v. *Lehigh Valley R. R. Co.*, 233 N. Y. 554; *Miller* v. *Gimbel Bros., Inc.*, 262 id. 107; *Antenen* v. *New York Telephone Co.*, 271 id. 558; *Tryon* v. *Chalmers*, 205 App. Div. 816; *Abbott* v. *Richmond County Country Club*, 211 id. 231; affd., 240 N. Y. 693; *Mona* v. *Erion*, 223 App. Div. 526; appeal dismissed, 250 N. Y. 572; *Boettcher* v. *Dowling*, 243 App. Div. 397; affd., 270 N. Y. 557; *Sciarello* v. *Coast Holding Co., Inc.*, 242 App. Div. 802; affd., 267 N. Y. 585; *Traub* v. *Progress Country Club, Inc.*, 256 App. Div. 249.)

The judgment and order appealed from should be reversed, with costs, and the complaint dismissed, with costs.

HILL, P. J., CRAPSER, SCHENCK and FOSTER, JJ., concur.

Judgment and order appealed from reversed on the law and facts, with costs, and the complaint dismissed, with costs.