HARRY MEAD, Respondent, *v.* ABRAM V. LOUER, as Trustee of the Schenectady Railway Company, Appellant.

JOHN LITTLE, Respondent, *v.* ABRAM V. LOUER, as Trustee of the Schenectady Railway Company, Appellant.

Argued March 12, 1941; decided April 17, 1941.

*Emil Peters, Frank S. Higgins* and *William C. Maynard* for appellant.

*James A. Leary* and *Walter A. Fullerton* for respondents.

LEWIS, J.  In an action involving a highway grade crossing accident we are to sustain the defendant's challenge to the charge by the trial justice in which we find error which we cannot say did not lead to verdicts in the plaintiffs' favor and thus prejudiced the defendant's rights.

The accident occurred at Brookline crossing in Saratoga county where the private right-of-way of the Schenectady Railway Company crosses a county road at grade and at an angle slightly less than ninety degrees.  In the late afternoon of a clear day in May the plaintiff Little, driving a light motor truck, with the plaintiff Mead seated at his side, approached Brookline crossing from the west.  At the same time an interurban trolley car, operated by the defendant's agents, was approaching from the north along a track which is straight for more than fourteen hundred feet north of the crossing.  When the automobile reached

a point two hundred feet from defendant's tracks its speed was reduced to six miles an hour. Meantime, according to the plaintiffs' claim, the speed of the oncoming trolley was between forty-five and fifty miles an hour. Although there is testimony by the plaintiffs that, as they drew near the crossing, they looked to the north in the direction from which the trolley came, without seeing its approach, the record is clear that the truck had not entirely passed over the south-bound track when it was struck by the trolley and overturned.

As bearing upon contributory negligence by the plaintiffs there is a conflict in the evidence which relates to the extent to which plaintiffs' view to the north was obstructed by intervening trees, shrubs and an embankment. Likewise on the question of the defendant's negligence there is conflicting testimony as to whether a bell or whistle was sounded as a warning that the trolley was about to pass over the crossing.

These issues of fact — quite common to cases of this character — appear in the record before us to be so close that we cannot say the jury's verdicts were not influenced by an instruction in the charge, to which an exception was duly taken, which we regard as a prejudicial misstatement of applicable law.

In defining the duty of care impressed by law upon the defendant's motorman, the trial justice said: " The motorman knew that people passed on this highway; that is what it was for. Therefore, when he came up to the highway with the trolley he ought not to have been going at such rate of speed that he could not bring his trolley to a stop and prevent crashing into an automobile that was crossing the track, even though that automobile driver, in so doing, took his chances in crossing, if it were otherwise reasonably possible to do so."

That statement gave to the jury an erroneous impression of the duties which the law required of the plaintiffs and the defendant's motorman. The charge, thus phrased, disregarded the common-law duty of care to be exercised

by the plaintiffs. Indeed, in effect, it eliminated contributory negligence by the plaintiffs as a defense available to the defendant. If the jury found that the plaintiff Little "took his chances in crossing" the defendant's tracks, the charge may well have been interpreted as casting upon defendant's motorman a duty to anticipate any danger which might attend "chances" thus taken by the plaintiffs and would assume to make the defendant responsible for harm which might befall them. The law is not so unreasonable in its demands; it does not compensate for harm which follows "chances" taken in such circumstances. The risk which was reasonably to be foreseen by the plaintiffs in the exercise of care for their own safety defined their duty as they approached defendant's tracks. "If the crossing [was] dangerous, the care should [have been] commensurate with the obvious risk." (*Crough* v. *New York Central R. R. Co.*, 260 N. Y. 227, 232; *Cote* v. *Boston & Maine Railroad*, 278 N. Y. 78, 85.)

In each action, the judgments should be reversed and a new trial granted, with costs in all courts to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, CONWAY and DESMOND, JJ., concur; RIPPEY, J. dissents.

Judgments reversed, etc.