BARBARA E. LENDRUM, Appellant, *v.* VICTORY CHAIN, INCORPORATED, Respondent.

Third Department, July 2, 1941.

*Wallace H. Sidney*, for the appellant.

*Carter & Conboy* [*J. Stanley Carter* of counsel], for the respondent.

SCHENCK, J. Plaintiff was injured when she slipped and fell on the floor of a store owned and operated by defendant. Proof was offered by plaintiff that the floor in question had been oiled by defendant and that the oily condition was the cause of her fall. The point at which the fall occurred was on the east side of the store in front of the vegetable counter. Plaintiff had gone down the central aisle to the meat counter at the rear of the store. Returning, she was visiting the vegetable counter when the accident

occurred. The trial court dismissed the complaint upon the merits at the close of plaintiff's case.

I think that the order of dismissal was error and that the case should have been submitted to the jury. It is true that there is a conflict of authority upon the issue here presented but the preponderance of decision indicates that the jury should have been given an opportunity to pass upon the merits. The facts are directly analogous to those in *Huth* v. *Woolworth & Co.* (250 N. Y. 577, affg. 225 App. Div. 656). There plaintiff fell on a recently oiled floor and struck her nose on a store counter, causing the injuries complained of. The trial court allowed the case to go to the jury but then set aside the jury's verdict in favor of plaintiff. The Appellate Division, First Department, reversed the trial court, reinstated the verdict, and was affirmed by the Court of Appeals.

If the *Huth* case was properly before the jury and if the facts, analogous to those herein, were sufficient to sustain a verdict for plaintiff, it seems to me that the only position we can take consistent with that case is to send this case back for a new trial. The *Huth* authority finds further support in *McDonald* v. *Liggett Co.* (241 App. Div. 913). In that case there was involved a fall on a soapy, recently washed floor. Other circumstances and proof were analogous to the instant situation. The Appellate Division, Fourth Department, there held the question was one for the jury and reversed the trial court's dismissal of the complaint.

*Abbott* v. *Richmond County Country Club* (211 App. Div. 231; affd., 240 N. Y. 693), it is true, holds that it is not negligence *per se* to oil a floor. Questions of warning, oiliness on a side aisle and not in the center of the store, give rise to special circumstances, however, which are in the province of the jury. Similarly, *Conroy* v. *Saratoga Springs Authority* (259 App. Div. 365) and *Walz* v. *Helfer, Inc.* (260 id. 677) are factually sufficiently distinguished from this case. The *Conroy* case involved a slippery bath house floor which necessarily presents a situation different from that of the floor of a grocery store. In the *Walz* case the employee who was washing the floor was in plain view of the plaintiff who should have seen him and observed the condition of the floor.

It, accordingly, seems to me that the cases holding that questions such as here presented should be submitted to the jury should be followed.

The judgment should be reversed and a new trial ordered.

CRAPSER, Acting P. J., BLISS, HEFFERNAN and FOSTER, JJ., concur.

Judgment reversed on the law and facts and new trial ordered, with costs to appellant to abide the event.