MILDRED RADIN, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 28769.)

IRWIN RADIN, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 28770.)

Court of Claims, June 28, 1948.

*Simon Rosenstock* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Sidney B. Gordon* of counsel), for defendant.

*Walter Fullerton* and *Francis Dorsey* for Saratoga Springs Authority.

GORMAN, J. The claimants herein are husband and wife. The wife's action is to recover damages for personal injuries alleged to have been sustained by slipping and falling over a step outside the door leading from the steam room in the Roosevelt Baths at Saratoga, New York. Her husband brings the companion claim for loss of consortium and services.

Saratoga Springs Authority. is a public benefit corporation organized under chapter 208 of the Laws of 1933. It operates a bathhouse known as the Roosevelt Baths on property owned by the State of New York in the city of Saratoga Springs, New York.

At about one o'clock in the afternoon of August 4, 1947, claimant entered the premises for the purpose of taking a Turkish bath. After payment of the usual fee for the desired treatment, claimant was placed in charge of an attendant and assigned to a dressing room where she disrobed. She was furnished with a sheet, towel, and a piece of ice. She was then taken to, and seated upon a bench in the steam room, and the steam turned on by the attendant, who then closed the door and returned to the outer room where she remained.

After claimant had been in the steam room about fifteen minutes, she felt the hot water from condensation on the ceiling dripping upon her and decided to leave. Without any attempt to call, or otherwise summon the attendant, she stepped to the door, turned the knob and pushed open the door which was

flush over a tile step about five and one-half inches high. She stepped forward and fell, or slipped and fell to the floor of the outer room. She testified she had passed through most of the steam when she opened the door and could see clearly into the outside room. She did not look down. She had her sheet wrapped around her. She was immediately helped to her feet by the attendant, and after stating she felt all right, continued and completed the regular course of treatment.

The claimant alleges that the State was negligent in constructing, maintaining and supervising the Roosevelt Baths, and that the said negligence was the sole reason for her fall and resulting injuries. She contends that the drop, or step down from the steam room floor level, created a dangerous situation by reason of the steam room door swinging outward over the step, the door being partly glass, but solid across the lower part. She claims faulty construction arising from defect in plan, and in this connection submitted some testimony that the door should swing in, as a matter of custom and usage.

The claimant was an invitee and the State owed her the duty of reasonable care. The State, however, is not an insurer of her safety. (*Weller* v. *Consolidated Gas Co.,* 198 N. Y. 98.) " It is the duty of one conducting a public bath house for profit to be reasonably sure that he is not inviting patrons into danger and to exercise ordinary care for their safety." (*Conroy* v. *Saratoga Springs Authority,* 259 App. Div. 365, 367, affd. 284 N. Y. 723.)

Ordinary care is care commensurate with the obvious risk. (*Mead* v. *Louer,* 285 N. Y. 230, 233.) " One is not obliged, however, to use the best methods or to have the best equipment or the safest place, but only such as are reasonably safe and appropriate for the business." (*Garthe* v. *Ruppert,* 264 N. Y. 290, 296.)

Claimant is bound to establish that the duty to use reasonable care has been violated. It will be noted that no claim is made that the difference in levels is unusual or dangerous; that the floor of the steam room and floor of the outer room were of the same design and color; that anything about the door and step was out of repair, or that the light was insufficient. Of course, a step not in itself dangerous, may constitute an element of a dangerous situation. And general usage or custom may be shown in order to establish a standard of construction as tending to show what is reasonable care. But such evidence is received for what it is worth in view of all the circumstances

in the particular case. It is a test of negligence, but not a conclusive or controlling test. (*Shannahan* v. *Empire Engineering Corp.*, 204 N. Y. 543, 550.)

There was no evidence introduced by claimant to indicate that there had been any other accidents on this step prior to the time she received her injuries. The happening of her accident does not and cannot of itself be evidence of faulty construction. The fact that many people had used it safely for several years was assurance to the defendant that it was reasonably safe. " Continued user for a long period of time without any accident negatived negligence arising out of claimed faulty construction." (*De Salvo* v. *Stanley-Mark-Strand Corp.*, 281 N. Y. 333, 338.)

The door opening out over the step was not negligence as matter of law. (*Kern* v. *Great A. & P. Tea Co.*, 241 N. Y. 600; *Clark* v. *New York Hotel Statler Co.*, 253 N. Y. 583; *Galligan* v. *Druidan Real Estate Co.*, 266 N. Y. 445; *Brugher* v. *Buchtenkirch*, 167 N. Y. 153.)

The claimant has failed to prove any lack of supervision. The attendant was at hand at all times. Claimant did not call, nor attempt to attract her attention in any way before leaving the steam room, although she had been escorted into the room and on the previous Saturday had been escorted into and out of the same steam room by the same attendant. When a person, apparently in good health and condition, presents herself for the use of accommodations provided in a public bath, the proprietor is justified in assuming that the bather is in fit condition to use the bath and knows what she is about, and can safely be permitted to make use of the bathing privileges as ordinarily conducted. (*Warren* v. *Werther*, 182 App. Div. 783, affd. 228 N. Y. 537.)

We cannot say as matter of law that the claimant is guilty of contributory negligence. (*Piper* v. *New York Central & Hudson Riv. R. R. Co.*, 156 N. Y. 224; *Weston* v. *City of Troy*, 139 N. Y. 281; *Clark* v. *New York Hotel Statler Co.*, 253 N. Y. 583, *supra*.) However, when she voluntarily left the steam room she owed the reciprocal duty to use ordinary care. Before she could step forward, she had to push the door open, at least to some extent, and the step off from the threshhold was then in plain sight, had she looked. She does not claim she was off balance or that her momentum carried her forward. She turned the knob, pushed the door open and stepped forward without looking. If she was familiar with the scene she was on notice

the step was there; if unfamiliar she should have proceeded with caution. " Where one voluntarily subjects himself to a peril known to him or generally observable by a person of ordinary prudence in his situation, he cannot recover damages sustained thereby." (*Conroy* v. *Saratoga Springs Authority,* 259 App. Div. 365, 368, affd. 284 N. Y. 723, *supra.*)

Upon all the proof herein, we are of the opinion that the claims must be dismissed. The motions by the State at the close of the trial are therefore granted and the claims dismissed.

Findings of fact and conclusions of law may be submitted in accordance with this memorandum within ten days, otherwise this opinion will be considered the decision.

Let judgment be entered accordingly.