BELLA GRIFEL et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29310.)

Court of Claims, June 28, 1951.

*Myron A. Ellis, Joseph J. Mailloux* and *Samuel Caplan* for claimants.

*Nathaniel L. Goldstein, Attorney-General* (*George R. Davis* of counsel), for defendant.

LOUNSBERRY, P. J. This is a claim by Bella Grifel against the State of New York for injuries suffered by her as the result of falling in the Lincoln Baths on the Saratoga Springs Reservation, Saratoga, N. Y., because of alleged negligence of the State of New York, its officers, agents and employees, and by Saul Grifel, her husband, for damages for loss of services and expenses incurred as a result of the injuries sustained by his wife, Bella Grifel.

The claimant Bella Grifel, a woman seventy years old, residing in the city of New York, visited the city of Saratoga, N. Y., with her husband, Saul Grifel, for the purpose of taking the baths at the Saratoga Spa. Sometime before 12:00 noon on August 16, 1948, she entered the Lincoln Baths, bought a ticket and went up stairs. After taking the baths, she returned to the large lobby on the first floor of the building.

The construction of the Lincoln Baths was begun in the fall of 1928 and the entire building was open for use in the spring of 1930. The said building was erected in accordance with plans made by a firm of approved architects. The wings of the Lincoln Bath building are constructed so as to form four rectangular gardens or patios surrounded by the walls of the building. Ingress and egress to the four gardens or patios is provided by twelve metal French doors, all of the same type of construction located between the large hallway, or lobby, and the said gardens or patios. The sill or threshold of said doors is made of metal with a vertical projection or lip extending the length thereof against which the doors close. This lip or projection is three-fourths of an inch in height.

It is alleged that the claimant, Mrs. Grifel, saw one of these gardens or patios as she passed through the lobby and walked towards the same. She claims she hit her toe against the

threshold or slipped, fell to the floor and suffered a fracture of the upper portion of the right tibia.

The claimant testified on cross-examination as follows:

" Q. When you were walking out the doors were you looking outdoors? A. I was walking straight, but I slipped.

" Q. Were you looking outdoors? A. I saw the door.

" Q. Were you looking down towards the floor? A. I walked out there. I didn't look.

" Q. You didn't look? A. I didn't look.

" Q. Is that your answer? A. Yes."

The claimant also testified that she had taken four or five baths at the Lincoln bathhouse prior to August 16, 1948.

The claimant has undergone considerable pain and suffering as the result of this injury. She was immediately given first aid by a nurse in the building, later sent to the hotel in the city of Saratoga where she and her husband were staying, and subsequently transferred to the Saratoga hospital by her doctor.

The claimant contends that the construction of the threshold of said door of the bathhouse was such as to create a dangerous and hazardous condition, and because of the faulty construction the State of New York is liable for negligence.

During the months of July and August as many as 2,000 patrons of the Lincoln Baths pass through the building each day.

At the time of this alleged accident to the claimant, the Lincoln Baths had been in operation for nearly twenty years and no other accident of this nature, which could have been caused or contributed to by the construction or maintenance of the door saddle or threshold in question, had ever been reported to the nurses, doctors or superintendent of the Saratoga Springs Authority.

The experts for both the claimants and State testified either on direct or cross-examination that the metal threshold used was of an approved type, while the witnesses for the claimant contended another style of threshold should have been used in this particular instance.

The State of New York is not an insurer against accidents to persons entering its premises for lawful purposes. It was, however, the duty of the State of New York to be reasonably sure that it was not inviting persons into danger and to exercise ordinary care for their safety. On the other hand, a person entering the bathhouse owes a like duty to the State of New York while on its premises to use ordinary care to avoid injury himself. There is no evidence to show that the State of New York, its agents and employees, did not exercise such reason-

able care. (*Radin* v. *State of New York*, 192 Misc. 247; *Conroy* v. *Saratoga Springs Authority*, 259 App. Div. 365, affd. 284 N. Y. 723.)

Many thousands of people have passed through these doors yearly since the construction and operation of the Lincoln Baths, and no prior accident has occurred. Chief Judge CRANE in *De Salvo* v. *Stanley-Mark-Strand Corp.* (281 N. Y. 333, 338) said: " this court has repeatedly held that although a place may be dangerous and an avoidable accident has happened, yet the owner is not liable for faulty construction simply because the accident could have been avoided, unless it be one which could reasonably have been anticipated in the light of experience. Continued user for a long period of time without any accident negatived negligence arising out of claimed faulty construction." (*Haleem* v. *Gold*, 164 N. Y. S. 119; *Lafflin* v. *Buffalo & Southwestern R. R. Co.*, 106 N. Y. 136; *Savignano* v. *City of New York*, 263 App. Div. 823; *Loftus* v. *Union Ferry Co.*, 84 N. Y. 455.)

The claim of the claimant Bella Grifel must be dismissed, she having failed to prove the State of New York, its officers, agents or employees, guilty of negligence or her freedom from contributory negligence.

The claim of Bella Grifel being dismissed, it is therefore not necessary to discuss the claim of her husband, Saul Grifel. It is also dismissed.

Let judgment be entered accordingly.