■ GENEVIEVE COLLYER, Appellant, v. YONKERS YACHT CLUB, INC., Respondent.— In a negligence action to recover damages for personal injury, the plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered January 23, 1962, after a jury trial, which dismissed her complaint on the merits at the close of the entire case. Judgment reversed on the law, and a new trial granted, with costs to plaintiff to abide the event. Plaintiff stubbed her left foot on a metal gasbox which was located a short distance from the exits in the rear of the defendant Yacht Club's boat yard. The gasbox protruded one to two inches above the soil. The accident occurred on November 9, 1958 at about 5:15 or 5:30 in the evening. Although plaintiff was not a member of the club, she was on its premises as a guest of one of its members. The trial court ruled that, under such circumstances, plaintiff was a social guest or bare licensee to whom defendant owed the duty merely to refrain from maintaining a trap on its premises. In our opinion, plaintiff's status was that of a business invitee to whom defendant owed the affirmative duty to make its premises reasonably safe. In such cases, the existence of the broader degree of care has always been assumed and recognized (*Mulligan* v. *New York Athletic Club*, 302 N. Y. 705; *Owen* v. *Westchester Country Club*, 264 App. Div. 796, affd. 289 N. Y. 819; *Traub* v. *Progress Country Club*, 256 App. Div. 249; *Bennett* v. *Crescent Athletic-Hamilton Club*, 245 App. Div. 758, revd. on other grounds 270 N. Y. 456; *Abbott* v. *Richmond County Country Club*, 211 App. Div. 231; see, also, *Staples* v. *Pond Club*, 319 Mass. 238). We hold also that, under the circumstances here, whether defendant's conduct with respect to the condition of the premises constituted negligence, is a question of fact for the jury (*Molinaro* v. *City of New York*, 12 A D 2d 976, affd. 10 N Y 2d 995). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.