CHET R. SCHEEL et al., Respondents, v. LONG ISLAND RAIL ROAD COMPANY, Appellant, et al., Defendant.— In an action to recover damages for personal injury, sustained by the plaintiff Chet R. Scheel when the defendant railroad's eastbound train struck the automobile driven by the said plaintiff, and by his father to recover for loss of services and medical expenses, the defendant Long Island Rail Road Company appeals from a judgment of the Supreme Court, Queens County, entered May 4, 1964 after trial upon a jury's verdict in favor of the plaintiffs. Judgment reversed on the law, without costs and complaint dismissed, without costs. The findings of fact implicit in the jury's verdict are affirmed. Plaintiff Chet R. Scheel was driving an automobile easterly on Napeague Meadow Road. Said road meets the defendant railroad's single track at an angle of 14 degrees at the grade crossing in question. Plaintiff stopped his automobile about 20 feet before the northerly rail of the east-west railroad track. At this point there was a bush about three feet high on defendant's property, between the track and the roadway. Plaintiff claims that he looked to the west at this point, but that the bush so obstructed his view that he could see only about 75 to 100 feet down the track, within which distance he did not see the eastbound train coming at 60 to 65 miles an hour. Plaintiff testified that, after he had stopped 20 feet before the northerly rail, he did not look again to the west or to the east from a place where his view was not obstructed and from where he could have seen the train coming and thus have avoided the accident. Plaintiff did not attempt to assure himself before he went on the railroad track that a train was not within dangerous proximity. He did not look down the track to the west at a time and place when looking would have done him some good. Under these circumstances, it is our opinion that plaintiff was guilty of contributory negligence as a matter of law (Cote v. Boston & Maine R. R., 278 N. Y. 78; Miller v. New York Cent. R. R. Co., 226 App. Div. 205, affd. 252 N. Y. 546; Crough v. New York Cent R. R. Co., 260 N. Y. 227; Schrader v. New York, Chicago & St. Louis R. R. Co., 254 N. Y. 148). In any event, if we did not dismiss the complaint, we would have reversed the judgment and granted a new trial by reason of the erroneous admission of the motion pictures in evidence. Such motion pictures were taken from a fixed position through the front window of the photographer's automobile as it moved along the Meadow Road in an easterly direction up to the grade crossing in question. However, the pictures did not show everything that a driver could, for example, see by peripheral vision or by turning his head momentarily. Therefore, the pictures could not be relied upon as representing all that plaintiff saw before the accident (cf. State v. United R. & Elec. Co., 162 Md. 404; 83 A. L. R. 1315). Nor did the pictures show whether plaintiff should have seen the train approaching the crossing from the west when he allegedly brought his automobile to a stop 20 feet from the northerly rail and looked to the west. Beldock, P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.