■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRED AUGUSTUS RYDER, Appellant.— MEMORANDUM BY THE COURT. Appeal by defendant from a judgment of the County Court of Madison County which convicted him upon pleas of guilty of seven separate crimes. The judgment appealed from was rendered on February 2, 1965 following a court-directed remand for resentencing for the failure of the trial court in 1949 to accord him a two-day delay pursuant to the requirements of section 472 of the Code of Criminal Procedure. Appeal is also taken from an order of the same court denying without a hearing his motion for a writ of error *coram nobis* to vacate the judgment. The record shows that defendant had no counsel when he was arraigned in 1949. It is conceded that he was then asked by the court as required by section 308 of the Code of Criminal Procedure if he desired the aid of counsel and that he declined such assistance. Defendant may not now complain that he misunderstood the court's inquiry. (*People* v. *Sprung,* 13 A D 2d 877; *People* v. *Crimi,* 278 App. Div. 997, affd. 303 N. Y. 749.) Judgment and order affirmed. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ IRVING PINCUS, Appellant, v. KIAMESHA CONCORD, INC., Respondent. — TAYLOR, J. Appeal by plaintiff from an order of the Supreme Court at Trial Term in Sullivan County setting aside a jury verdict for personal injuries and dismissing the complaint and from the judgment entered thereon. At the completion of a week's stay plaintiff, having checked out of a hotel operated by defendant at about noon on September 18, 1960, parked his motor vehicle in a gravel area reserved for the temporary use of departing guests and which bordered one of the sides of an irregular grass plot, its other three sides being surrounded by blacktop walks and a roadway. Used railroad ties about 10 inches in height and 5 feet long had been placed by defendant around the perimeter of the grassed area. Following the parking of the vehicle plaintiff went to his room using the blacktop walk and in returning to it a few minutes later proceeded to cross the grass plot " to save five or ten feet ". As he took this more direct route he reached one of the railroad ties which he observed from a distance of about five feet and deliberately stepped on it causing it to turn downward and to throw him backward to the ground. There was evidence that the bottom surface of the tie was missing, a condition said to have been obscured by grass and to have subjected it to easy tilting from its horizontal position. Plaintiff further testified that nothing prevented his stepping over or walking around the tie. It was the duty of the defendant to use reasonable care to keep its premises in a reasonably safe condition for its anticipated use by guests. (*Luftig* v. *Steinhorn,* 21 A D 2d 760.) It was, of course, not the insurer of their safety. In our view the intentional and purposeless use to which plaintiff put the railroad tie was not such as the defendant in the exercise of ordinary prudence should have foreseen. (*Conroy* v. *Saratoga Springs Auth.,* 259 App. Div. 365, 368, affd. 284 N. Y. 723.) Judgment and order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.