■ SHIRLEY MOUNSEY et al., Respondents, et al., Plaintiff, v. GOOD HUMOR CORP., Appellant, et al., Defendant.— Appeal from an order of the Appellate Term, Second Judicial Department, dated November 3, 1967, which affirmed a judgment of the Civil Court of the City of New York, Queens County, dated April 3, 1967, in favor of plaintiffs Shirley Mounsey and Roger Mounsey against defendant Good Humor Corp. upon a jury verdict. Order affirmed, with costs. Plaintiffs sued to recover damages sustained by the alleged negligence of defendants. Plaintiff Shirley Mounsey testified that she was driving in the middle lane of a three-lane road. She stopped at a red traffic light at the intersection of 164th Street and Horace Harding Boulevard. There were cars on her left and right. When the light changed to green, she looked to her right and saw several cars stopped and others in the process of stopping. She entered the intersection after the cars in the lanes to her right and left had done so. When she was about 10 feet into the intersection, defendants' truck hit the right front fender of her car. The examination before trial of Aiton Schwadron, the driver of the truck, who was deceased at the time of trial, indicated that his brakes failed when he tried to stop for the light. He knew that the brakes were not 100% efficient, because he had experienced problems with them four or five times during the day. It was necessary for him to pump the brakes an unknown number of times in order to stop. He was in the left lane of Horace Harding Boulevard and he saw the light change to red some 50 feet from the point of impact. Because of the condition of the brakes he was unable to stop the truck until after it had hit plaintiffs' car at a speed of 10 to 12 miles an hour. In its charge, the trial court informed the jury that as a matter of law defendants had been negligent and there was no evidence to establish that plaintiffs had been guilty of contributory negligence. The court left the issue of damages for the jury to consider. The charge was given in the absence of a motion by plaintiffs for a directed verdict. We are of the opinion that the factual situation as developed by the testimony was such as to warrant the granting of a motion for a directed verdict, had it been made. Since there were no questions for the jury on the issues of negligence and contributory negligence, we believe the court had inherent power to take those issues away from the jury. To decide otherwise would require us to hold that, absent a motion for a directed verdict, a Trial Judge is obligated, as a matter of law, to submit to the jury a case which has no issue of fact, other than damages, to be determined; and thereby empower a jury to return a verdict which is unsupported by the evidence (cf. McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66; Conroy v. Saratoga Springs Auth., 259 App. Div. 365). Brennan, Acting P. J., Rabin, Benjamin and Martuscello, JJ., concur; Hopkins, J., dissents and votes to reverse the order and the judgment and to grant a new trial, with the following memorandum: Plaintiffs sued to recover damages sustained by the alleged negligence of defend-

ants. At the trial in Civil Court, appellant's motion to dismiss the complaint at the end of the case on the ground that a prima facie showing of liability had not been established was denied. Plaintiffs did not move for a directed verdict. Thereafter counsel for both sides summed up to the jury. In its charge, the trial court instructed the jury that defendants were guilty of negligence as a matter of law and that no evidence had been submitted to demonstrate that plaintiffs were guilty of contributory negligence. Appellant excepted to this instruction. The jury returned verdicts awarding damages in favor of respondents. The Appellate Term affirmed and we granted permission to appeal. The effect of the trial court's charge was to direct a verdict in favor of plaintiffs. Yet no motion for that relief had been made by them and on this record it does not appear that the court ever intimated that it was its intention to direct a verdict. This was error. By the practice prevailing under the Civil Practice Act, the failure to move for a directed verdict was a concession that issues of fact existed for the consideration of the jury (*Smith* v. *City of Schenectady,* 20 A D 2d 932; *Taylor* v. *Creary,* 5 A D 2d 876). There is nothing to indicate that a different practice has been implanted by the CPLR. Indeed, the contrary is true. Under CPLR 4401, "Any party may move for judgment * * * upon the ground that the moving party is entitled to judgment as a matter of law, after the close of the evidence presented by an opposing party". The rule prescribes further that the grounds for the motion shall be specified. No power is vested in the court to dismiss a complaint without a motion or without warning. However, under CPLR 4404 (subd. [a]), "upon the motion of any party or on its own initiative, the court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law". Thus, the CPLR distinguishes between trial motions for judgment and post-trial motions for judgment. There is good reason for the distinction. A party should always have the opportunity to oppose and rebut the grounds upon which judgment is sought against him. This opportunity is given under CPLR 4401, which stipulates that the grounds for a preverdict motion for judgment shall be specified. The specification of the grounds also provides the reviewing court with a record for determining whether that motion was properly decided. Moreover, it allows the parties to try the case in accordance with their own strategy. CPLR 4404, on the other hand, authorizes the court to grant judgment, notwithstanding the verdict, on its own initiative. Even then, the court must afford an affected party the right to be heard (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4404.04). The standards for the determination of the two motions are likewise different. In a preverdict motion, the view of the evidence and the inferences to be drawn therefrom most favorable to the affected party must be taken by the court (*Holmberg* v. *Donohue,* 24 A D 2d 569; *Merchants Nat. Bank & Trust Co.* v. *State Mut. Life Assur. Co.,* 18 A D 2d 772). After a verdict, the court on its own initiative may set it aside because it is contrary to the weight of the evidence. The weight of the evidence may not be considered on a preverdict motion (*Schatten* v. *Vogel,* 7 A D 2d 718; *Ruthizer* v. *Bass Dress Corp.,* 264 App. Div. 372). The vice of the practice entertained by the trial court here is that appellant had no opportunity to be told of the deficiency in its case and no opportunity either to oppose the motion or to repair the deficiency (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4401.09). In my opinion, the error of the trial court in directing a verdict by a charge to the jury compels reversal of the order of the Appellate Term and the judgment and the granting of a new trial.