■ JUDITH WEISBART, Respondent, v HUDSON MANOR TERRACE CORP. et al., Appellants, et al., Defendants. [753 NYS2d 44] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered January 8, 2002, which denied the motion of defendants-appellants Hudson Manor Terrace Corp. and The Equity Management Group, Inc. for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's proof raises triable issues of fact as to whether an unreasonably hazardous watery condition was caused by the alleged defective shower drain and whether the moving defendants received actual notice of the alleged defective drain and, if so, whether defendants had a reasonable time to correct the alleged clogging condition (*see Goldberg v Silver Assoc.*, 274 App Div 808; *compare Traub v Progress Country Club*, 256 App Div 249). We note that plaintiff's claim that she complained to the moving defendants about the dangerous condition a few days before the accident, as well as on various prior occasions, appears in both her deposition testimony and her affidavit. Furthermore, plaintiff's deposition testimony provided sufficient proof of damages related to her fall in the shower to raise a triable issue of fact as to the nature and degree of the injuries sustained. Concur—Mazzarelli, J.P., Andrias, Buckley and Sullivan, JJ.