■ ANNA PORTANOVA et al., Respondents-Appellants, v TRUMP TAJ MAHAL ASSOCIATES et al., Appellants-Respondents. [704 NYS2d 380] —Mercure, J. P. Cross appeals from an order of

the Supreme Court (Hughes, J.), entered August 30, 1999 in Albany County, which, *inter alia*, partially denied defendants' motion for summary judgment and denied plaintiffs' motion to compel discovery.

During a February 1992 stay at defendants' Trump Taj Mahal Hotel and Casino in Atlantic City, New Jersey, plaintiff Anna Portanova (hereinafter plaintiff) stepped out of her hotel room shower onto the bath mat, slipped and fell, thereby sustaining the injuries forming the basis for this action. The complaint alleges that the highly polished marble floor of the bathroom area of plaintiff's hotel room, particularly in conjunction with the supplied cotton floor mat (which lacked any nonskid surface), was unreasonably dangerous. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Plaintiffs cross-moved to compel discovery. Supreme Court granted only so much of defendants' motion as sought to strike plaintiffs' claim for punitive damages and denied the cross motion. The parties cross-appeal.

We agree with defendants' contention that, consistent with prevailing New York law, Supreme Court should have granted them summary judgment dismissing the complaint. New York courts have long recognized that marble, although a commonly used material for floors and stairways in public buildings, stores and hotels, has a slippery surface and requires the use of care to avoid slipping (*see, Kline v Abraham*, 178 NY 377, 380). The rule of law has developed, however, that absent competent evidence of a defect in the surface or some deviation from relevant industry standards, the mere fact that a plaintiff has fallen on a floor that is inherently smooth, and thus slippery, will impose no liability (*see, Murphy v Conner*, 84 NY2d 969, 971-972; *Kline v Abraham, supra*). Disputing none of the foregoing, plaintiffs assert that this is not a slippery floor case; rather, they assert, their claim of liability is predicated upon the fact that defendants furnished plaintiff with an inadequate bath mat for use on a slippery floor. We conclude that the distinction drawn by plaintiffs is not a meaningful one.

Obviously, the smoothness of a surface cannot be realistically evaluated except in conjunction with its contact with another object. Indeed, absent such contact, a surface has no measurable coefficient of friction* and as a practical matter cannot be considered slippery. Consistent with that view, this

---

* The American Heritage Dictionary of the English Language (3d ed 1992) defines "coefficient of friction" as "[t]he ratio of the weight of an object being moved along a surface and the force that maintains contact between the object and the surface."

Court has repeatedly applied the rationale of *Kline v Abraham* (*supra*) in cases involving the contact of intervening objects (such as the bath mat here) with slippery floors. In *Cambareri v Board of Educ.* (246 App Div 127, *affd* 283 NY 741), the plaintiff was denied recovery for injuries sustained during a gym class when a mat slipped as the result of "the slippery condition of the floor upon which [it] was laid and not firmly fixed" (*id.*, at 128). Similarly, in *Conroy v Saratoga Springs Auth.* (259 App Div 365, *affd* 284 NY 723), this Court dismissed the complaint of a woman who fell on a slippery tile floor while wearing paper slippers that had been supplied by the defendant. Again, in *Mannix v Matthews* (30 AD2d 895), we dismissed the complaint of a plaintiff who had been injured when she slipped on a scatter rug that had been laid on a highly polished wood floor.

In our view, the appropriate inquiry centers not on the involvement of some intermediate object, but on the question of whether plaintiffs opposed defendants' evidentiary showing with competent evidence raising a material question of fact. Notably, in a case where a defendant comes forward with evidence that the accident was not necessarily attributable to a defect, the burden shifts to the plaintiff to come forward with direct evidence of a defect (*see, Sideris v Simon A. Rented Servs.*, 254 AD2d 408). Here, defendants presented the deposition testimony of Harry Kierbow, who had been the risk management manager of Dundee Company, the manufacturer of the subject bath mat. Kierbow testified that the bath mats supplied to defendants in February 1992 were all-purpose bath mats, intended to be used on all kinds of bathroom floors, including marble floors. His testimony also indicated that, although Dundee and its successor in interest manufactured approximately 2,500 to 3,000 dozen of that kind of bath mat each year beginning approximately 10 to 12 years prior to the November 1997 deposition, not one claim was filed against the manufacturer regarding accidents involving them. In opposition to the motion, plaintiffs presented no competent evidence of any defect in the bath mat or bathroom flooring material (*see, Murphy v Conner, supra*, at 971-972; *Kline v Abraham, supra*; *Mannix v Matthews, supra*, at 896; *Conroy v Saratoga Springs Auth., supra*, at 367; *cf., Olsen v St. Margaret of Scotland R. C. Church*, 18 NY2d 872, 873 [evidence showed that floor had been waxed four days prior to accident and experienced rug installer testified that it was not good or accepted practice to place a runner on a waxed tile floor without tacking it to the floor or placing nonskid padding underneath]).

Further, plaintiffs have failed to establish the existence of

any conflict between the legal principles stated herein and the applicable law of New Jersey, the situs of the accident. As a consequence, we need not engage in any choice of law analysis (*see, Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 223, 225). Plaintiffs' reliance upon *Brody v Lifson & Sons* (17 NJ 383, 111 A2d 504) is entirely misplaced. That case involved a slip and fall on the wet sloping terrazzo floor of an exterior vestibule to a retail store, where an expert testified that the defendant had failed to adhere to the standard practice of introducing carborundum chips into the surface of the material and universal practice of employing rubber mats (*id.*, 17 NJ, at 386-387, 111 A2d, at 505-506). Obviously, competent evidence that a slope, an accumulation of water or defect in the floor or mat was a proximate cause of plaintiff's injuries would take this case outside the doctrine enunciated in *Kline v Abraham* (*supra*) and *Murphy v Conner* (*supra*).

In our view, the facts of the present case bring it squarely within the holding in *Abt v Leeds & Lippincott Co.* (109 NJL 311, 162 A 525) in which the Court of Errors and Appeals, the highest court in New Jersey at the time, upheld the dismissal of an action by a plaintiff who slipped and fell as she was descending wooden stairs that were "waxed, highly polished, and very slippery" (*id.*, 109 NJL, at 312, 162 A, at 525). In that case, the court reasoned that, there having been no evidence "tending to show that the stairs were improperly constructed, nor out of repair, nor that the waxing or polishing was improper or had been done in any improper manner, nor that the stairs had been left in any different condition than is usual in waxed and polished stairs or floors", there was no basis for an inference of negligence (*id.*, 109 NJL, at 312, 162 A, at 525-526; *see, Tomney v Ebeling*, 105 NJ Super 66, 251 A2d 144).

For the foregoing reasons, we conclude that Supreme Court should have granted defendants' summary judgment motion and dismissed the complaint. Under the circumstances, the parties' remaining contentions need not be considered.

Crew III, Peters, Spain and Mugglin, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as partially denied defendants' motion; motion granted in its entirety, summary judgment awarded to defendants and complaint dismissed; and, as so modified, affirmed.