Plaintiffs' remaining contentions have been reviewed and rejected as lacking in merit.

Cardona, P. J., Peters, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.

■ ERIKA A. MUELLER, Respondent, v HANNAFORD BROTHERS COMPANY, Doing Business as SHOP 'N SAVE, Appellant. [713 NYS2d 789] —Rose, J. Appeal from an order of the Supreme Court (Dowd, J.), entered January 6, 2000 in Chenango County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action against defendant seeking to recover for injuries she allegedly sustained when she slipped and fell on yogurt on the floor of defendant's supermarket in the Town of New Hartford, Oneida County. Defendant moved for summary judgment dismissing the complaint on the ground that it had no actual or constructive notice of the allegedly dangerous condition that caused plaintiff's injuries. Supreme Court denied the motion and defendant appeals.

In order to establish a prima facie case, plaintiff is required to show either actual or constructive notice of the condition causing her fall (see, Sosa v Golub Corp., 273 AD2d 762; Grimes v Golub Corp., 188 AD2d 721, 721-722). There is no dispute that defendant did not have actual notice of the allegedly defective condition. With regard to constructive notice, we note that "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837). Furthermore, "[m]ere conclusions based upon surmise, conjecture, speculation or assertions are without probative value" (Maiorano v Price Chopper Operating Co., 221 AD2d 698, 699).

Here, in support of its motion for summary judgment, defendant submitted the floor maintenance log for the store and an affidavit from the employee who swept the floor establishing that the area had been cleaned approximately an hour to an hour and a half prior to the accident. The manager of defendant's store also averred that he and the employees frequently walk the store and remove any debris from the floor. Unlike the facts in Negri v Stop & Shop (65 NY2d 625), relied upon by

Supreme Court, here there was no indication that the yogurt was dirty or had any footprints through it, nor any other evidence that the yogurt was there for any appreciable length of time (*see, id.,* at 626; *see also, Kaufman v Man-Dell Food Stores,* 203 AD2d 532; *Collins v Grand Union Co.,* 201 AD2d 852, 853). Inasmuch as there is insufficient evidence for a jury to infer that the yogurt had been on the floor for any appreciable length of time to establish that defendant had constructive notice of the allegedly dangerous condition which caused plaintiff to fall, we find that defendant's summary judgment motion dismissing the complaint should have been granted.

Mercure, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.