■ DEBORAH S. TODT, Respondent, v SCHROON RIVER CAMPSITE, INC., Appellant. [722 NYS2d 287] —Rose, J. Appeal from an order of the Supreme Court (Lynch, J.), entered January 20, 2000 in Schenectady County, which, *inter alia*, granted plaintiff's motion to set aside the verdict and ordered a new trial.

As a result of injuries sustained when she slipped and fell on an uncovered wood deck outside a ladies' room at defendant's rustic Adirondack campground, plaintiff commenced this action seeking damages for defendant's negligence. At trial, there was conflicting evidence concerning, *inter alia*, the condition of the surface of the deck. In finding in defendant's favor, the jury reached and answered, affirmatively, only the verdict sheet's threshold interrogatory asking whether the ladies' room area was reasonably safe. Plaintiff thereafter moved, *inter alia*, pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence. Supreme Court granted the motion and ordered a new trial. Defendant now appeals.

A verdict may be successfully challenged as against the weight of the evidence "if it can be shown that a preponderance of the proof presented at trial so strongly favored the plaintiff's case 'that a contrary verdict could not have been reached upon any fair interpretation of that evidence'" (*Savage v Snell*, 257 AD2d 794, quoting *Maisonet v Kelly*, 228 AD2d 780, 781; *see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746). "In making this inquiry, great deference is given a jury's determination, particularly in negligence actions where the verdict is in favor of the defendant" (*Rosabella v Fanelli*, 225 AD2d 1007, 1008 [citation omitted]). Here, the question for the jury was whether a reasonably prudent person would have anticipated that the deck, in the condition it found to exist at

---

the time of plaintiff's fall, was not reasonably safe to walk on. As this case was presented, the jury could consider whether the condition of the deck was as ordinarily expected under the circumstances and incidental to the nature of a camp (*see*, *Csukardi v Bishop McDonnell Camp*, 148 AD2d 657, 658).

Testimony at trial established that defendant's campground was minimally developed in a wooded setting, the weather was rainy, and the deck was wet and slippery. While some of plaintiff's witnesses testified to moss or mildew on the deck, others did not. Plaintiff presented photographs of the deck taken by her father approximately four hours after the accident showing it with a green hue, water and fallen pine needles. Defendant also introduced photographs of the deck taken sometime after the accident, but portraying the deck without a green hue, dry and swept of pine needles. Defendant's witnesses testified that no one had ever complained about the deck's condition, it was swept on a daily basis and, even when wet, it was not the color depicted in plaintiff's photographs.

On appeal, plaintiff argues that since there was ample evidence that the deck was wet and slippery, the jury could not rationally find it to be reasonably safe. However, the mere fact that a floor or walkway becomes slippery when wet does not establish a dangerous condition (*see*, *Miller v Gimbel Bros.*, 262 NY 107; *Bacon v Altamont Farms*, 33 AD2d 708, 709; *Conroy v Saratoga Springs Auth.*, 259 App Div 365, 367, *affd* 284 NY 723; *see also*, *Tryon v Chalmers*, 205 App Div 816, 818, *lv dismissed* 240 NY 580). As the deck's wetness and the presence of pine needles on a rainy day were naturally recurring conditions in this campground setting, lay jurors could logically conclude that wet and slippery conditions were necessarily incidental to defendant's premises (*see*, *Conroy v Saratoga Springs Auth.*, *supra*, at 367). To overcome this and demonstrate an unreasonably dangerous condition, plaintiff's counsel argued to the jury that the green hue in plaintiff's photographs was evidence that the deck was covered with slime, moss or algae, making its wet surface "like ice." The jury obviously rejected this contention. As there was conflicting evidence on this point and the jurors could view the photographs for themselves, we conclude that their verdict was predicated upon a fair interpretation of the evidence (*see*, *Howe v Wilkinson*, 275 AD2d 876, 877).

Mercure, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiff's motion to set aside the verdict in favor of defendant and

ordered a new trial; said motion denied; and, as so modified, affirmed.