■ ALBERT O'NEIL, Appellant, v HOLIDAY HEALTH & FITNESS CENTERS OF NEW YORK, INC., Doing Business as BALLY'S TOTAL FITNESS, Respondent. [773 NYS2d 724]—

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered April 25, 2003. The order granted defendant's motion for summary judgment and dismissed the amended complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the amended complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries he sustained when he slipped and fell in a locker room "walkway" at a health club owned by defendant. According to plaintiff, the location where he fell was adjacent to the shower room and was slippery due to the accumulation of water and soap. Defendant moved for summary judgment dismissing the amended complaint, contending that no dangerous condition existed as a matter of law and, further, that it lacked either actual or constructive notice of the alleged dangerous condition. Supreme Court erred in granting defendant's motion.

Defendant met its initial burden of establishing that the water on the floor was a condition that was "necessarily incidental" to the use of the showers (*Conroy v Saratoga Springs Auth.*, 259 App Div 365, 367 [1940], *affd* 284 NY 723 [1940]; *see Sciarello v Coast Holding Co.*, 242 App Div 802 [1934], *affd* 267 NY 585 [1935]; *cf. Van Stry v State of New York*, 104 AD2d 553, 555 [1984]) and thus that it did not by itself constitute a dangerous condition. We conclude, however, that plaintiff raised a triable issue of fact whether the danger presented by the water on the floor was unreasonably heightened by the presence of soap and thus whether the condition of the floor constituted an "unreasonably dangerous condition" (*Todt v Schroon Riv. Campsite*, 281 AD2d 782, 783 [2001]; *cf. Traub v Progress Country Club*, 256 App Div 249, 250 [1939]). "[W]hether a dangerous or defective condition exists on the property of an-

other so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]).

Assuming, arguendo, that a dangerous condition existed, we conclude that defendant would nevertheless be entitled to summary judgment dismissing the amended complaint upon a showing that it "neither created the dangerous condition nor had actual or constructive notice of it" (*Lane v Burlington Coat Factory Warehouse Corp.*, 1 AD3d 907, 908 [2003]; *see Scott v Marcus Whitman Cent. School Dist.*, 306 AD2d 927 [2003]; *Pelow v Tri-Main Dev.*, 303 AD2d 940, 940-941 [2003]). Here, defendant failed to meet its burden of establishing that it did not create the allegedly dangerous condition. Defendant improperly raised that ground for the first time in its reply papers (*see Cumpston v Marcinkowska*, 275 AD2d 340, 341 [2000]; *Canter v East Nassau Med. Group*, 270 AD2d 381, 382 [2000]), and thus the court erred in addressing that ground. The failure of defendant to establish its entitlement to judgment as a matter of law with respect to that ground requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Plaintiff has failed to brief any issue concerning actual notice and, although his brief contains an issue heading concerning constructive notice, in the ensuing discussion of that issue he addresses only whether defendant created the dangerous condition. We therefore deem abandoned any issues with respect to notice (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.