■ RICHARD SEAMAN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 109036.) [845 NYS2d 871]—

Spain, J. Appeal from a judgment of the Court of Claims (Hard, J.), entered March 20, 2006, upon a decision of the court in favor of defendant.

Claimant commenced this action seeking damages for injuries he allegedly sustained while an inmate at Hudson Correctional Facility in Columbia County when he slipped and fell when exiting a shower. At a nonjury trial on the issue of liability, claimant testified that he took two steps out of the shower and slipped on water on the floor, twisting and injuring his knee. Claimant explained that each time he showered he had observed that water would accumulate on the bathroom floor, but had never reported the condition. He also explained that it was dark in the bathroom because the light was not operating and that he did not see the water on the floor before he fell.

Defendant presented the testimony of two witnesses, a supervisor who testified as to general procedures at the facility, but had no personal knowledge of the accident, and an architect who visited the scene three years after the accident and offered opinions as to the safety of its design. Finding the testimony of neither witness at all probative of the issues in dispute, the Court of Claims nevertheless found that claimant had not established his claim by a preponderance of the evidence and, thus, ruled in favor of defendant. On claimant's appeal, we now affirm.

Although in a nonjury case, such as this, we are empowered to independently weigh the evidence and grant judgment as we

deem appropriate, we will defer to credibility determinations made by the trial court (*see Martin v State of New York*, 39 AD3d 905, 907 [2007], *lv denied* 9 NY3d 804 [2007]; *Tatta v State of New York*, 20 AD3d 825, 826 [2005], *lv denied* 5 NY3d 716 [2005]; *Diaz v State of New York*, 256 AD2d 1010, 1010 [1998]). Here, while claimant testified that he regularly observed water on the floor when he used the bathroom to shower, he offered no evidence to demonstrate that defendant had actual or constructive notice that a dangerous condition existed (*see Heliodore v State of New York*, 305 AD2d 708, 709 [2003]). Further, a wet floor—especially in a bathroom where one can expect some water to make its way out of the shower to the floor—is not enough, standing alone, to establish negligence (*see Miller v Gimbel Bros.*, 262 NY 107, 108 [1933]; *Todt v Schroon Riv. Campsite*, 281 AD2d 782, 783 [2001]; *Miller v Easley*, 9 AD2d 978, 978-979 [1959]; *see also Portanova v Trump Taj Mahal Assoc.*, 270 AD2d 757, 759 [2000], *lv denied* 95 NY2d 765 [2000]). Given that "[t]he presence of a normal amount of water would not establish a want of reasonable care," we will not disturb the trial court's finding that claimant did not establish liability based on the wet bathroom floor (*Boccaccino v Our Lady of Pity R.C. Church*, 18 AD2d 1055, 1055 [1963]).

With respect to the lighting in the bathroom, claimant's testimony—corroborated by the facility's maintenance logs—established that defendant had at least two days' notice of the nonfunctional light. Nevertheless, upon our review of the record, we decline to disturb the trial court's finding discounting claimant's testimony that the darkness played a role in his fall. Claimant testified that he stepped out of the shower—wearing nonskid rubber slippers—and immediately slipped on the wet floor. His testimony did not support the conclusion that better lighting in the bathroom would have prevented his accident. Accordingly, the weight of the evidence supports the conclusion that the poor lighting was not a proximate cause of claimant's alleged injuries (*see Vizzini v State of New York*, 278 AD2d 562, 563 [2000]; *Diaz v State of New York*, 256 AD2d at 1010; *Green v State of New York*, 222 AD2d 553, 554 [1995]).

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.