■ DERRICK JACKSON, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 107075.) [857 NYS2d 368]—

Carpinello, J. Appeal from a judgment of the Court of Claims (Schaewe, J.), entered February 23, 2007, upon a decision of the court in favor of defendant.

Claimant, a prison inmate, slipped and fell when exiting a shower at the Woodbourne Correctional Facility in Sullivan County and thereafter commenced this action seeking damages for his injuries. Following a nonjury trial on the issue of liability, the Court of Claims found that claimant had failed to demonstrate that the condition of the shower on the night of his fall was unusually dangerous or defective. The court dismissed the action, prompting this appeal.

In reviewing a decision following a nonjury trial, as here, this Court may independently review the evidence and grant judgment as warranted by the record, giving due deference to the Court of Claims' credibility determinations (see e.g. *Atkinson v State of New York*, 49 AD3d 988, 989 [2008]; *Seaman v State of New York*, 45 AD3d 1126, 1126-1127 [2007]; *Martin v State of New York*, 39 AD3d 905, 907 [2007], *lv denied* 9 NY3d 804 [2007]). Upon our review of the record, we agree with the Court of Claims' finding that claimant failed to establish that the condition of the shower in which he fell constituted an unreasonably dangerous condition or, in any event, that defendant had actual or constructive knowledge of any dangerous condition (see *Seaman v State of New York*, 45 AD3d at 1127). Thus, we affirm.

At trial, claimant offered testimony from two factual witnesses, himself and another inmate who witnessed his fall. According to claimant, he had been housed in the subject unit for two weeks prior to this incident. During this period, he showered daily and typically observed water on the floor of the shower area. He never reported this condition to anyone. According to claimant, no shower mats were provided or available (he was, however, wearing rubber shower slippers on the night of his fall). However, according to the other inmate witness, while mats were not routinely used in the shower area itself, they were nevertheless available under a sink. According to both witnesses, a squeegee was readily available in the shower area for the express purpose of pushing excess water into the shower drains.

Claimant further testified that he observed water in the shower area before entering it on the night in question. The level of water at this time was no different than it had been on prior occasions, that is, deep enough to come in contact with his feet over his rubber shower slippers. With regard to the squeegee that was readily available, claimant conceded that, although he had used it on prior occasions to clear the floor of water, he failed to do so on this occasion. Claimant also conceded that the shower drains were working properly. No expert proof was presented.

As recently noted by this Court, "a wet floor—especially in a bathroom where one can expect some water to make its way out of the shower to the floor—is not enough, standing alone, to establish negligence" (45 AD3d at 1127). Here, while the shower area was wet and without a mat, claimant, who was wearing protective shoes, was aware of the water and had the option of removing it with the squeegee, failed to demonstrate that the amount of water on the shower floor at the time of his fall was unusual such that it created an unreasonably dangerous condition above and beyond that typically encountered in such area (*see e.g. Todt v Schroon Riv. Campsite*, 281 AD2d 782, 783 [2001]; *Conroy v Saratoga Springs Auth.*, 259 App Div 365, 367 [1940], *affd* 284 NY 723 [1940]; *Sciarello v Coast Holding Co., Inc.*, 242 App Div 802 [1934], *affd* 267 NY 585 [1935]). In any event, claimant also failed to demonstrate that defendant had actual or constructive notice of the alleged condition of this particular shower (*see Seaman v State of New York, supra*). To this end, we are unpersuaded that a general memorandum issued to facility staff 16 months before claimant's fall without reference to any particular cellblock or bathroom provided actual or constructive notice of the condition of the shower area where he fell (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]).

Cardona, P.J., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.