■ KATHLEEN AZZARO, Appellant, v SUPER 8 MOTELS, INC., et al., Respondents. [880 NYS2d 14]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered November 13, 2007, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

During a July 9, 2005 stay at defendants' Super 8 Motel in Cobleskill, New York, plaintiff stepped out of her motel room shower onto the bath mat, slipped and fell, thereby sustaining injuries to her left wrist. Plaintiff's complaint alleges that both the tile floor of the bathroom area and the cotton floor mat supplied by defendants were unreasonably dangerous because neither had a nonskid surface.

The motion court properly found that defendants made a prima facie showing that the accident was not attributable to a defect in the floor or the bath mat. Plaintiff, in opposition, failed to meet her burden of identifying any common law, statutory or relevant industry standard imposing on hotel owners the duty to supply nonskid surfacing in the bathtub area (*see Lunan v Mormile*, 290 AD2d 249 [2002]; *Portanova v Trump Taj Mahal Assoc.*, 270 AD2d 757 [2000], *lv denied* 95 NY2d 765 [2000]). Nor did plaintiff present any competent evidence of any defect in either the bathroom flooring material or in the bath mat (*see Murphy v Conner*, 84 NY2d 969, 971-972 [1994]). The affidavit from plaintiff's expert, who never visited the accident site or examined the bath mat, referred to industry standards which were inapplicable to the bathroom. Moreover, this affidavit, submitted solely in response to defendants' motion, was purely speculative and conclusory (*see Di Sanza v City of New York*, 11 NY3d 766 [2008]; *Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]; *Matos v Challenger Equip. Corp.*, 50 AD3d 502 [2008]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Saxe, Sweeny, Nardelli and Freedman, JJ.