■ LILITH DOVE, Respondent, v MANHATTAN PLAZA HEALTH CLUB et al., Appellants. [978 NYS2d 184]—

Defendants established entitlement to judgment as a matter

of law in this action where plaintiff slipped and fell on water located on the tile floor around the indoor pool of defendants' health club. Defendants showed that the presence of such water was "necessarily incidental" to the use of the pool (*Conroy v Saratoga Springs Auth.*, 259 App Div 365, 367 [3d Dept 1940], *affd* 284 NY 723 [1940]; *Jackson v State of New York*, 51 AD3d 1251 [3d Dept 2008]).

In opposition, plaintiff failed to raise a triable issue of fact. The mere presence of water does not raise such an issue and plaintiff has not asserted a violation of a code, rule, regulation or industry standard. Moreover, there is no evidence as to how long the water existed on the floor, nor was the amount of water above and beyond what one might ordinarily expect to encounter around a pool (*see Jackson*, 51 AD3d at 1253). That water on the floor was a recurring situation is simply consistent with being "necessarily incidental" to the use of the pool. Concur—Sweeny, J.P., Renwick, Andrias and Freedman, JJ.