■ MICHAEL KALISH, Appellant, v HEI HOSPITALITY, LLC, et al., Respondents, et al., Defendant. [980 NYS2d 80]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered July 2, 2012, which granted defendants-respondents' motion for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

In this personal injury action, plaintiff alleged that he sustained injuries when he slipped and fell in his hotel bathroom. At his deposition, plaintiff testified that the bathroom floor appeared to be made of polished tile that was "very smooth." On the morning of the accident, plaintiff removed his personal slippers upon entering the bathroom and placed a bath mat made of terry material on the floor in front of the tub. This mat lacked rubber backing or other material that he had seen at other hotels. After taking a shower, he dried off in the tub, exited the bathroom without incident, and started to get dressed. Several minutes later, plaintiff reentered the bathroom. He took one step onto the bath mat which slid forward, causing him to twist his left knee, fall backward and hit the floor.

Tyrus Joubert, the hotel's executive director of housekeeping, testified at his deposition that the bathroom floor is composed of granite. The cleaning procedure is to spray the floor with disinfectant and wipe it with rags. The floors were never waxed or buffed and no other chemicals or agents were used. The bath mats are 100% cotton and do not have any kind of nonskid surface. Before the date of the accident, Joubert had not received any complaints about the bath mats, or about the bathroom floor being slippery, and he was unaware of any incidents similar to plaintiff's accident.

Plaintiff's complaint alleged that the failure to provide nonskid backing on the bath mat was a dangerous condition which caused his injuries. Plaintiff further alleged that defendants created the dangerous condition and/or that they had prior actual or constructive notice. At the conclusion of discovery, defendants moved for summary judgment dismissing the complaint.

The motion court determined that defendants met their

burden of proof by providing evidence that the bathroom floor was cleaned normally, but not waxed or buffed, and that the bath mat was not defective, but was a standard 100% cotton mat, widely used at the hotel with no prior complaints. It further found that plaintiff did not raise any triable issues of fact because he "failed to identify a common law, statutory, or relevant industry standard imposing a duty on hotel owners to supply a no-skid surface in the bathroom area" (*Kalish v HEI Hospitality, LLC*, 2012 NY Slip Op 31729[U], *9 [Sup Ct, NY County 2012]). The court dismissed the complaint.

In order to subject a property owner to liability for a dangerous condition on its premises, a plaintiff must demonstrate that the owner created, or had actual or constructive notice of the dangerous condition that precipitated the injury (*see Mercer v City of New York*, 88 NY2d 955, 956 [1996]; *Kelly v Berberich*, 36 AD3d 475, 476 [1st Dept 2007]). A defendant who moves for summary judgment in a slip-and-fall action has the initial burden of making a prima facie demonstration that it neither created the dangerous condition (assuming that the condition existed), nor had actual or constructive notice of its existence (*see Manning v Americold Logistics, LLC*, 33 AD3d 427 [1st Dept 2006]). Once a defendant establishes prima facie entitlement to such relief as a matter of law, the burden shifts to the plaintiff to raise a triable issue of fact as to the creation of the defect or notice thereof (*see Kesselman v Lever House Rest.*, 29 AD3d 302, 303-304 [1st Dept 2006]).

In cases involving inherently smooth, and thus potentially slippery tiled or stone floors, absent competent evidence of a defect in the surface or some deviation from an applicable industry standard, no liability is imposed (*Murphy v Conner*, 84 NY2d 969, 971-972 [1994]; *Lunan v Mormile*, 290 AD2d 249 [1st Dept 2002]; *Portanova v Trump Taj Mahal Assoc.*, 270 AD2d 757, 758 [3d Dept 2000], *lv denied* 95 NY2d 765 [2000]). The same standard applies to allegedly defective bath mats (*Portanova*, 270 AD2d at 758).

The motion court properly found that defendants made a prima facie showing that the accident was not attributable to a defect in the floor or the bath mat, and that they were therefore entitled to summary judgment. In opposition, plaintiff failed to raise a triable issue of fact.

Plaintiff submitted an undated affidavit of his expert, Russell J. Kendzior, who examined an exemplar provided during discovery since the actual bath mat in question had not been preserved. Kendzior stated that the exemplar was not a bath mat at all, but was merely a cotton towel without any nonskid

backing that was therefore defective as a means of "preventing it from sliding on the highly polished slippery marble tile floor upon which it was placed." He cited section 5.4.5 of the American Society for Testing and Materials F1637-09 Standard which requires that "mats, runners and area rugs shall be provided with safe transition from adjacent surfaces and shall be fixed in place or provided with slip resistant backing." He further opined that "the subject mat would fall in the low traction category and therefore would increase the likelihood of sliding on a smooth surfaced floor like that at the Defendants [sic] hotel."

Significantly, Kendzior never examined the actual floor involved in this incident. He viewed only a photograph, from which it would be impossible to conclude how slippery the floor was, if at all. Moreover, he did not test the mat exemplar against the floor, or against any floor, before opining that it would have been in the "low traction category." He made no reference to any methodology used to arrive at this determination. Finally, the standards cited by Kendzior in his affidavit specifically identify bathtubs and showers as beyond the scope of the practices contained therein. Simply put, his conclusions about the cause of the accident are purely speculative (*see Silva v 81st St. & Ave. A Corp.*, 169 AD2d 402, 404 [1st Dept 1991], *lv denied* 77 NY2d 810 [1991]).

This case is indistinguishable from *Azzaro v Super 8 Motels, Inc.* (62 AD3d 525 [1st Dept 2009]), where we affirmed the dismissal of the plaintiff's complaint. The *Azzaro* plaintiff slipped on a cotton floor mat and sustained injuries when stepping out of the shower at her hotel room. She made the same claims as plaintiff in this case, i.e., that the cotton mat and floor were unreasonably dangerous, particularly because of the lack of rubber backing on the cotton floor mat. *Azzaro's* expert cited the same industry standard as the expert here, which we found to be "inapplicable to the bathroom" (*id.* at 526), as its language specifically identified bath tubs and showers as beyond the scope of the practices contained therein.

Here, since defendants made a prima facie showing that the accident was not attributable to a defect in the floor or the bath mat, and plaintiff's expert's conclusory affidavit and other submissions failed to raise a triable issue of fact, the complaint was properly dismissed. Concur—Friedman, J.P., Sweeny, Acosta and Manzanet-Daniels, JJ.