■ Sofia Noboa-Jaquez, Appellant, v Town Sports International, LLC, Doing Business as New York Sports Club, Respondent. [28 NYS3d 306]—

Order, Supreme Court, New York County (Andrea Masley, J.), entered August 6, 2014, which, among other things, denied plaintiff's motion seeking recusal and a mistrial, and order, same court and Justice, entered April 14, 2015, which, during a bench trial, granted defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing plaintiff's complaint, unanimously affirmed, without costs.

The trial court providently exercised its discretion in denying plaintiff's motion (*People v Moreno*, 70 NY2d 403, 405-406 [1987]). There is no evidence that an email referring to plaintiff's counsel in unflattering terms was read, sent, or received by Justice Masley. Nor does plaintiff point to any other evidence, such as adverse rulings or other actions evidencing the alleged judicial bias (*see R & R Capital LLC v Merritt*, 56 AD3d 370, 370 [1st Dept 2008]; *see also* 22 NYCRR 100.2 [A]; 100.3 [E] [1] [a] [i]).

The trial court correctly granted defendant's motion pursuant to CPLR 4401 at the close of plaintiff's case, as plaintiff failed to set forth a prima facie case of negligence. There was no rational process by which a factfinder could base a finding in favor of plaintiff (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). The mere presence of water on a tiled floor adjacent to the gym's showers cannot impart liability, particularly since water was necessarily incidental to the use of the area (*see Dove v Manhattan Plaza Health Club*, 113 AD3d 455, 455-456 [1st Dept 2014], *lv denied* 24 NY3d 901 [2014]). Nor, under the facts of the case, can liability be premised upon a lack of mats at the location of plaintiff's fall (*Jackson v State of New York*, 51 AD3d 1251, 1253 [3d Dept 2008]; *see Pomahac v TrizecHahn 1065 Ave. of Ams., LLC*, 65 AD3d 462, 465-466 [1st Dept 2009]). Plaintiff also failed to show that defendant created or had actual or constructive notice of the wet floor (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]). Concur—Friedman, J.P., Sweeny, Saxe, Richter and Kahn, JJ.