■ DAVID BARRON et al., Appellants, v EASTERN ATHLETIC, INC., Respondent. [53 NYS3d 689]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated July 16, 2015, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff David Barron (hereinafter the injured plaintiff) allegedly slipped and fell as he entered a shower stall located in the men's locker room of a gym owned and operated by the

defendant. The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries. After issue was joined, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiffs appeal.

The owner of property has a duty to maintain his or her property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]). A defendant who moves for summary judgment in a slip-and-fall or a trip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (*see Giantomaso v T. Weiss Realty Corp.*, 142 AD3d 950 [2016]; *Levine v G.F. Holding, Inc.*, 139 AD3d 910 [2016]; *Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037 [2015]; *Campbell v New York City Tr. Auth.*, 109 AD3d 455, 456 [2013]; *Levine v Amverserve Assn., Inc.*, 92 AD3d 728, 729 [2012]; *see also Monastiriotis v Monastiriotis*, 141 AD3d 510 [2016]). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]; *see Nagin v K.E.M. Enters., Inc.*, 111 AD3d 901 [2013]).

The defendant established its prima facie entitlement to judgment as a matter of law. In support of its motion, the defendant demonstrated, through the injured plaintiff's deposition testimony wherein he indicated that he slipped when he placed his foot in the wet shower basin, that the injured plaintiff slipped on water that he knew was present in the shower stall before entering. He was unable to identify any other condition as the cause for his fall. Here, the mere presence of water in the shower stall basin cannot impart liability to the defendant for the injured plaintiff's fall, particularly since the water was necessarily incidental to the use of the shower stall (*see Noboa-Jaquez v Town Sports Intl., LLC*, 138 AD3d 493 [2016]; *Dove v Manhattan Plaza Health Club*, 113 AD3d 455 [2014]; *Jackson v State of New York*, 51 AD3d 1251 [2008]; *Seaman v State of New York*, 45 AD3d 1126 [2007]; *Conroy v Saratoga Springs Auth.*, 259 App Div 365 [1940], *affd* 284 NY 723 [1940]). The evidence submitted in support of the

defendant's motion demonstrated that the defendant did not create or have actual or constructive notice of any dangerous or defective condition in the subject shower stall.

In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs, in opposing the defendant's motion, principally relied upon the affidavits of the injured plaintiff and their expert engineer. In his affidavit, the injured plaintiff, for the first time, identified the cause of his fall as soap or soap residue on the floor of the shower stall. This statement presented what appears to be a feigned issue of fact designed to avoid the consequences of his earlier deposition testimony (*see Bryant v Loft Bookstore Café, LLC*, 138 AD3d 664 [2016]; *Viviano v KeyCorp*, 128 AD3d 811, 812 [2015]; *Blocker v Filene's Basement #51-00540*, 126 AD3d 744, 746 [2015]), and was therefore insufficient to defeat the motion. The affidavit of the plaintiffs' engineer also did not raise a triable issue of fact, as it failed to demonstrate that the defendant violated any statute or industry standards of care which proximately caused the injured plaintiff's injuries. Balkin, J.P., Austin, LaSalle and Brathwaite Nelson, JJ., concur.