■ DANIELLE KELLER, Individually and as Parent and Natural Guardian of LEXIS KELLER, an Infant, Appellant, v ROBERT KELLER et al., Respondents. [61 NYS3d 765]—

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered July 27, 2016. The order granted the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, individually and as parent and natural guardian of her daughter, commenced this negligence action seeking damages for injuries sustained by her daughter when she slipped and fell in defendants' bathroom. We conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint.

Defendants met their initial burden of establishing their

entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Defendants' submissions established that the daughter slipped on the bathroom floor when she stepped out of the shower to retrieve a brush while the water was running. The daughter stated during her deposition that, although the shower curtain had been closed and no water was falling outside the bathtub prior to the accident, as a result of her opening the curtain while the water was running, there was some water on the floor around the bathtub when she stepped out of the bathtub. Contrary to plaintiff's contention, " 'a wet floor—especially in a bathroom where one can expect some water to make its way out of the shower to the floor—is not enough, standing alone, to establish negligence' " (*Jackson v State of New York*, 51 AD3d 1251, 1253 [2008]; *see Barron v Eastern Athletic, Inc.*, 150 AD3d 654, 655 [2017]; *Noboa-Jaquez v Town Sports Intl., LLC*, 138 AD3d 493, 493 [2016]). Here, defendants established that the amount of water present on the floor "was a condition that was 'necessarily incidental' to the use of the shower[ ] . . . and thus that it did not by itself constitute a dangerous condition" (*O'Neil v Holiday Health & Fitness Ctrs. of N.Y.*, 5 AD3d 1009, 1009 [2004]; *see Seaman v State of New York*, 45 AD3d 1126, 1127 [2007]; *Todt v Schroon Riv. Campsite*, 281 AD2d 782, 783 [2001]). Defendants further established that the accident was not attributable to a defect in the floor or the bath towel that they provided to the daughter, which she placed on the floor beside the bathtub (*see Kalish v HEI Hospitality, LLC*, 114 AD3d 444, 445 [2014]; *Azzaro v Super 8 Motels, Inc.*, 62 AD3d 525, 526 [2009]; *Portanova v Trump Taj Mahal Assoc.*, 270 AD2d 757, 758-759 [2000], *lv denied* 95 NY2d 765 [2000]). Furthermore, even assuming, arguendo, that a dangerous condition existed, we conclude that defendants met their burden by establishing that they neither created the dangerous condition nor had actual or constructive notice thereof (*see Barron*, 150 AD3d at 655-656; *cf. O'Neil*, 5 AD3d at 1010).

Plaintiff failed to raise a triable issue of fact in opposition to the motion (*see generally Zuckerman*, 49 NY2d at 562). Plaintiff did not submit any evidence that there was a defect in either the bathroom floor or the towel that defendants provided to the daughter (*see Azzaro*, 62 AD3d at 526; *Portanova*, 270 AD2d at 759). Contrary to plaintiff's contention, we conclude that she failed to identify any common law, statutory or other applicable standard imposing upon defendants a duty to supply a nonskid bath mat in the area adjacent to the bathtub (*see Azzaro*, 62 AD3d at 526; *see also Kalish*, 114 AD3d at 445-446; *Portanova*, 270 AD2d at 758; *see generally Noboa-Jaquez*, 138

AD3d at 493). Moreover, plaintiff presented no evidence that defendants created a dangerous condition in the bathroom or that they were aware of such a condition (*see generally Noboa-Jaquez*, 138 AD3d at 493; *Savage v Anderson's Frozen Custard, Inc.*, 100 AD3d 1563, 1564-1565 [2012]). Present—Whalen, P.J., Peradotto, Lindley, NeMoyer and Curran, JJ.