Farrell v Ted's Fish Fry, Inc. (2021 NY Slip Op 04271)





Farrell v Ted's Fish Fry, Inc.


2021 NY Slip Op 04271


Decided on July 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 8, 2021

531900
[*1]Maureen Farrell, Appellant,
v
Ted's Fish Fry, Inc., et al., Respondents.

Calendar Date:May 25, 2021

Before:Garry, P.J., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Anderson, Moschetti & Taffany, PLLC, Latham (Ingrid A. Effman of counsel), for appellant.
Cabaniss Casey LLP, Albany (John B. Casey of counsel), for respondents.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Rivera, J.), entered July 23, 2020 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.
On July 10, 2018, plaintiff stepped off the deck at a Ted's Fish Fry restaurant in the Town of Colonie, Albany County and fell, fracturing her ankle. Plaintiff's amended complaint alleges that she fell as a result of the dangerous and defective condition of the deck and landing, and that defendants had both actual and constructive notice of same. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint, arguing both that there was no defective condition and that plaintiff's inability to identify the cause of her fall was fatal to her complaint. Supreme Court granted the motion, and plaintiff appeals.
For defendants to prevail on their motion for summary judgment, they were "required to establish that [their] property had been maintained in a reasonably safe condition, and that [they] did not create a dangerous condition that caused plaintiff's fall or have actual or constructive notice of that condition" (Maurer v John A. Coleman Catholic High School, 91 AD3d 1168, 1168 [2012] [internal quotation marks and citations omitted]; see Fallon v Duffy, 95 AD3d 1416, 1416-1417 [2012]). Defendants could also demonstrate "entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Mulligan v R & D Props. of N.Y. Inc., 162 AD3d 1301, 1301 [2018] [internal quotation marks and citation omitted]). Here, defendants submitted the affidavit of the general manager of defendant Ted's Fish Fry, Inc. and the affidavit of the co-president of defendant Bombay Realty Corporation, which is the owner of the property. Both the manager and the co-president averred that they had no knowledge of, nor received any complaints about, anyone being injured or having fallen in the area where plaintiff fell. The manager further affirmed that he has been the general manager of the corporation for over 11 years and was unaware of anyone stepping from the landing onto the grass; he stated that, instead, patrons would utilize the sidewalk on either side of the landing. Defendants also submitted the affidavit of Chester Zaremba, a professional engineer, who opined, with a reasonable degree of engineering certainty, that the landing was not defective or unsafe at the time of the accident and on the date of his inspection, that it complied with the State Building Code — which the Town of Colonie adopted as its local code — and was reasonably safe on the date of plaintiff's accident. Based on the foregoing, we agree with Supreme Court that defendants satisfied their initial burden with respect to whether it created or had knowledge of a hazardous condition (see Torgersen v A & F Black Cr. Realty, LLC, 158 AD3d 1042, 1043 [2018]; Beck v Stewart's Shops Corp., 156 AD3d [*2]1040, 1042 [2017]).
Defendants further argued that the amended complaint must be dismissed as plaintiff could not identify the cause of her fall. At her deposition, plaintiff stated that she took two steps and fell. She averred that she does not know what caused her to fall, but that she intended to step off the landing onto the grass and her "ankle gave out." Plaintiff also stated that she did not lose her balance or catch her foot on anything, and that she does not know if her ankle rolled, just that she "fell right down like I didn't have a foot underneath me." "[A]lthough direct evidence of causation is not necessary, the evidence must be sufficient to permit a finding based on logical inferences from the record and not upon speculation alone" (Jones-Barnes v Congregation Agudat Achim, 12 AD3d 875, 877 [2004] [internal quotation marks and citation omitted], lv dismissed 4 NY3d 869 [2005]). Accordingly, defendants also met their burden by showing that plaintiff could not establish anything more than a possibility that defendants' negligence caused plaintiff to fall (see Pascucci v MPM Real Estate, LLC, 128 AD3d 1206, 1207 [2015]; Henry v Cobleskill-Richmondville Cent. School Dist., 13 AD3d 968, 970 [2004]).
Thus, the burden shifted to plaintiff to raise a triable issue of fact. In opposition, plaintiff did not submit an expert affidavit to rebut defendants' expert. Rather, she argues, in essence, that the 10-inch drop from the edge of the landing to the ground, absent any warning signs or visual cues, in and of itself constitutes a dangerous and defective condition. Initially, we disagree as to the lack of visual cues. The photographs of the landing depict a bright red wood landing, which stands in sharp contrast to the green grass at the edge of the landing where plaintiff fell. The duty to warn does not extend to open and obvious dangers. "Any observer reasonably using his or her senses" could easily see the drop-off as it was plainly discernable (Tagle v Jakob, 97 NY2d 165, 170 [2001]; see Russell v Archer Bldg. Ctrs., 219 AD2d 772, 773 [1995]). As to the dangerous or defective condition, the only proof submitted by plaintiff was her attorney's affirmation, which, standing alone, is insufficient to defeat defendants' motion as "there remained no substantive, relevant challenge, through the proffer of an expert affidavit or otherwise" (Ribaudo v Delaney Constr. Corp., 44 AD3d 1143, 1145 [2007]; see Hendrickson v City of Kingston, 291 AD2d 709, 710 [2002], lv denied and appeal dismissed 98 NY2d 662 [2002]; Brzytwa-Wojdat v Town of Rockland, Sullivan County, 256 AD2d 873, 874-875 [1998]). Viewing the evidence in the light most favorable to plaintiff, we find that she failed to meet her burden to raise a triable issue of fact with respect to the existence of a dangerous or defective condition. Having so found, the remaining issues are academic. Thus, Supreme Court properly granted summary judgment to defendants (see Van Duser [*3]v Mount St. Mary Coll., 176 AD3d 1532, 1533-1534 [2019]; Beck v Stewart's Shops Corp., 156 AD3d at 1043).
Garry, P.J., Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.