Briggs v PF HV Mgt., Inc. (2021 NY Slip Op 06019)





Briggs v PF HV Mgt., Inc.


2021 NY Slip Op 06019


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

532623
[*1]Jason Briggs, Appellant,
v
PF HV Management, Inc., et al., Respondents.

Calendar Date:September 14, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Rusk, Wadlin, Heppner & Martuscello, LLP, Kingston (John G. Rusk of counsel), for appellant.
Roemer Wallens Gold & Mineaux, LLP, Albany (Matthew J. Kelly of counsel), for respondents.



Pritzker, J.
Appeal from an order of the Supreme Court (Fisher, J.), entered August 31, 2020 in Ulster County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.
On the evening of March 28, 2018, while at the gym, which is a corporately-owned location of defendant Planet Fitness, located in the City of Newburgh, Orange County, plaintiff allegedly slipped and fell in a puddle of water that had accumulated near the shower in the men's locker room. Plaintiff commenced this negligence action to recover damages for personal injuries he sustained as a result of the fall. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Plaintiff opposed defendants' motion and cross-moved to strike defendants' answer based upon spoliation, arguing that defendants improperly deleted evidence, namely, surveillance footage of the facility's lobby and maintenance check sheets. Supreme Court denied plaintiff's cross motion and granted defendants' motion and dismissed the complaint. The court found that defendants established, prima facie, that they did not have constructive notice of the alleged condition and, moreover, that there was no dangerous condition and plaintiff failed to raise a question of fact in response. Plaintiff appeals.
Plaintiff contends that a question of fact exists as to whether the puddle outside of the shower stall was a dangerous condition. We disagree. "The owner of property has a duty to maintain his or her property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Barron v Eastern Athletic, Inc., 150 AD3d 654, 655 [2017] [internal quotation marks and citation omitted]; see Murphy v State of New York, 188 AD3d 1330, 1331 [2020]). "To establish entitlement to summary judgment in a slip and fall case, a defendant bears the initial burden of demonstrating that it had maintained the property in a reasonably safe condition and that it did not create or have actual or constructive notice of the specific allegedly dangerous condition that resulted in the plaintiff's injury" (Facteau v Mediquest Corp., 162 AD3d 1386, 1387 [2018] [internal quotation marks and citations omitted]; see Barron v Eastern Athletic, Inc., 150 AD3d at 655). "Once a defendant establishes prima facie entitlement to such relief as a matter of law, the burden shifts to the plaintiff to raise a triable issue of fact as to the creation of the defect or notice thereof" (Kalish v HEI Hospitality, LLC, 114 AD3d 444, 445 [2014] [citation omitted]; see Timmany v Benko, 195 AD3d 1212, 1213 [2021]).
Defendants' submissions established that plaintiff slipped and fell in an accumulation of water just outside of the shower stall. To that end, plaintiff recalled in his deposition testimony that, the evening he fell, he was walking barefoot towards the shower stall when he slipped [*2]and fell on "an accumulation of casual water" that had formed a circular puddle approximately one foot by two feet in size and three to four feet away from the shower stall that he had intended to enter. He further recalled that he did not see the water as he approached the shower and, in fact, did not realize that it was there until he slipped and fell "and was laying in it." Photographs taken by both plaintiff and an employee of the facility where plaintiff slipped and fell establish that there was a yellow caution sign directly in front of the showers warning of a wet floor.
Based on the foregoing, defendants met their initial burden of establishing that the water on the locker room floor was not a dangerous condition. It is soundly established in this state's jurisprudence that a wet floor beside a shower is insufficient in and of itself to impart liability (see Keller v Keller, 153 AD3d 1613, 1614 [2017]; Barron v Eastern Athletic, Inc., 150 AD3d at 655; Jackson v State of New York, 51 AD3d 1251, 1253 [2008]; O'Neil v Holiday Health & Fitness Ctrs. of N.Y., 5 AD3d 1009, 1009 [2004]; cf. Noboa-Jaquez v Town Sports Intl., LLC, 138 AD3d 493, 493 [2016]). Plaintiff's deposition testimony established that, at most, the accumulation of water was two feet in diameter. The photographs corroborated that there was not an excessive amount of water outside of the showers. Thus, defendants established that the amount of water present on the floor "was a condition that was necessarily incidental to the use of the shower[,] and thus that it did not by itself constitute a dangerous condition" (Keller v Keller, 153 AD3d at 1614 [internal quotation marks, brackets, ellipsis and citations omitted]; see Jackson v State of New York, 51 AD3d at 1253; O'Neil v Holiday Health & Fitness Ctrs. of N.Y., 5 AD3d at 1009).
In opposition, plaintiff failed to raise a material question of fact as to the existence of a dangerous condition (see Keller v Keller, 153 AD3d at 1614; Barron v Eastern Athletic, Inc., 150 AD3d at 656). Although plaintiff submitted an expert affidavit of Alden Gaudreau, a professional engineer, nothing in this affidavit raised a question of fact as to whether the water that had accumulated on the floor outside of the shower was anything other than an amount of water incidental to the use of the showers (see Keller v Keller, 153 AD3d at 1614). "Given that the presence of a normal amount of water would not establish a want of reasonable care," plaintiff failed to raise a question of fact regarding liability based on the wet bathroom floor (Seaman v State, 45 AD3d 1126, 1127 [2007] [internal quotation marks and citation omitted]). As such, Supreme Court properly granted defendants' motion for summary judgment. In light of this determination, we need not reach plaintiff's further contentions.
Garry, P.J., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.