Levitt v Tops Mkts., LLC (2025 NY Slip Op 04060)

Levitt v Tops Mkts., LLC

2025 NY Slip Op 04060

Decided on July 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2025

CV-24-0148
[*1]Judith Levitt, Respondent- Appellant,
v
Tops Markets, LLC, Appellant- Respondent.

Calendar Date:June 4, 2025

Before:Egan Jr., J.P., Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ.

Foti Henry PLLC, Buffalo (Daniel K. Cartwright of counsel), for appellant-respondent.
Coughlin & Gerhart, LLP, Binghamton (Craig D. Specht of counsel), for respondent-appellant.

Reynolds Fitzgerald, J.
Cross-appeals from an order of the Supreme Court (Elizabeth Aherne, J.), entered January 18, 2024 in Tompkins County, which partially denied defendant's motion for summary judgment dismissing the complaint.
In 2020, plaintiff slipped and fell sustaining injuries while grocery shopping at a supermarket owned by defendant in the City of Ithaca, Tompkins County. Plaintiff thereafter commenced this personal injury action against defendant, and, following joinder of issue and discovery, defendant moved for summary judgment. Supreme Court partially granted the motion, finding that defendant established that it did not have actual or constructive notice of the allegedly dangerous condition, but that there were material issues of fact related to whether defendant maintained the store in a reasonably safe condition and/or created a dangerous condition. Defendant appeals from the court's order, arguing that the court erred in failing to dismiss the complaint in its entirety. Plaintiff cross-appeals from the portion of the order wherein the court determined that defendant did not have constructive notice.
"In moving for summary judgment, defendant bore the initial burden of establishing that it maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition" (Black v Kohl's Dept. Stores, Inc., 80 AD3d 958, 959 [3d Dept 2011] [internal quotation marks and citations omitted]; see Briggs v PF HV Mgt., Inc., 199 AD3d 1106, 1107 [3d Dept 2021]). "Constructive notice requires a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit the defendant[ ] to discover it and take corrective action" (Carpenter v Nigro Cos., Inc., 203 AD3d 1419, 1420 [3d Dept 2022] [internal quotation marks and citations omitted]; see Vance v Burkhart, 229 AD3d 869, 871 [3d Dept 2024]). "However, constructive notice can also be established by evidence that the property owner was aware of an ongoing and recurring dangerous condition in the area of the accident and did not rectify the problem" (Black v Kohl's Dept. Stores, Inc., 80 AD3d at 960 [citations omitted]; see Carpenter v J. Giardino, LLC, 81 AD3d 1231, 1232 [3d Dept 2011], lv denied 17 NY3d 710 [2011]). "Once a defendant establishes prima facie entitlement to such relief as a matter of law, the burden shifts to the plaintiff to raise a triable issue of fact as to the creation of the defect or notice thereof" (Briggs v PF HV Mgt., Inc., 199 AD3d at 1107 [internal quotation marks and citations omitted]; see Farrell v Ted's Fish Fry, Inc., 196 AD3d 893, 895 [3d Dept 2021]).
Defendant offered plaintiff's deposition testimony and the deposition testimony of several of its employees, including the produce manager on duty the day of the fall. Plaintiff recalled in her deposition testimony that she was walking, slipped and fell forward to the ground. She did not know what caused her [*2]fall at the time, but afterward when she examined both the bottom of her shoe and the floor, she realized that she slipped on a cherry tomato. Plaintiff did not see the tomato prior to falling and has no knowledge of how long it may have been there. The assistant store manager stated that the store was cleaned every night by an outside company, that he inspected the store every morning when he first arrived as well as throughout the day, and that he did not recall any produce on the floor prior to plaintiff's fall. The produce manager relayed in his deposition testimony that he had been the produce manager at the subject store for 14 years, that he received training regarding safety concerns and that he had, in turn, trained his associates on matters of safety. Here, defendant's safety policy with regard to the floor area did not call for any sort of regularly scheduled inspections but rather consisted of directing its employees to be continually vigilant for dropped items — in essence, if you see something, immediately pick it up. The produce manager stated that the cherry tomatoes sold at the store are packaged in a clamshell container with a lid that locked into place. He further stated that he regularly inspects the floors for safety issues, that he was not aware of anyone who stepped on or slipped on produce in his department prior to plaintiff's fall in 2020, nor had he received any complaints about produce being spilled on the floor. He asserted that the cherry tomato display was approximately 15 to 20 feet from where plaintiff fell. Most importantly, he testified that on the day in question, he inspected the area where plaintiff fell approximately 40 minutes before her fall and did not see any produce on the floor.[FN1] Additionally, he testified that he had not received any complaints that morning about produce on the floor. The foregoing was sufficient to establish defendant's prima facie entitlement to summary judgment by demonstrating that it maintained the property in a reasonably safe condition, did not create the allegedly dangerous condition that caused plaintiff's injury and had neither actual nor constructive notice of such condition (see Fontanelli v Price Chopper Operating Co., Inc., 89 AD3d 1176, 1177 [3d Dept 2011]; Black v Kohl's Dept. Stores, Inc., 80 AD3d at 960; Mueller v Hannaford Bros. Co., 276 AD2d 819, 820 [3d Dept 2000]).
Plaintiff makes no argument that defendant had actual notice and has not produced any evidence regarding the length of time that the cherry tomato had been on the floor (see Black v Kohl's Dept. Stores, Inc., 80 AD3d at 960). Instead, plaintiff asserts that constructive notice was established because defendant was aware of an ongoing and recurring dangerous condition in that produce is frequently dropped onto the floor. We disagree. A "general awareness of a dangerous condition cannot create an inference of constructive notice of the particular condition that caused the plaintiff's injury" (Chianese v [*3]Meier, 98 NY2d 270, 278 [2002]; see Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]). Mere reference to defendant's general knowledge that customers drop produce, or, in this instance, reliance on the produce manager's own testimony that "every once in a while" he has seen a customer spill a product, shows only a general awareness that a dangerous condition might exist and is legally insufficient to constitute constructive notice of the particular condition that caused plaintiff's fall (see Perry v Cumberland Farms, Inc., 68 AD3d 1409, 1411 [3d Dept 2009], lv denied 14 NY3d 706 [2010]; Cochetti v Wal-Mart Stores, Inc., 24 AD3d 852, 853 [3d Dept 2005]; Gloria v MGM Emerald Enters., 298 AD2d 355, 356 [2d Dept 2002]). Plaintiff's assertion that the use of a grate mat would have prevented plaintiff's fall is unaccompanied by an affidavit of an expert of any sort alleging that failure to utilize such a mat is at odds with any industry standard or applicable safety code. As such, it amounts to speculation and is insufficient to defeat defendant's motion (see Farrell v Ted's Fish Fry, Inc., 196 AD3d at 895; Cerkowski v Price Chopper Operating Co., Inc., 68 AD3d 1382, 1384 [3d Dept 2009]; Perry v Cumberland Farms, Inc., 68 AD3d at 1410). Accordingly, we find that defendant's summary judgment motion dismissing the complaint should have been granted (see Mueller v Hannaford Bros. Co., 276 AD2d at 820).
Egan Jr., J.P., Fisher, McShan and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant's motion; motion granted in its entirety and complaint dismissed.

Footnotes

Footnote 1: While plaintiff argues that this testimony regarding the occurrence of the inspection is equivocal and as such should be disregarded by the Court, the record reveals that he was quite certain that he inspected the area and that there was no produce on the floor immediately before his lunch break.