■ DONALD REID, Appellant, v HARRISON RUBINSTEIN et al., Respondents, et al., Defendants. [63 NYS3d 666]—

Appeal from order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered November 30, 2016, deemed appeal from judgments, same court and Justice, entered February 15, 2017, February 27, 2017, and May 26, 2017, dismissing the complaint as against defendants Sol Stolzenberg, D.M.D., d/b/a Toothsavers, Harrison Rubinstein, D.D.S., s/h/a Dr. Rubinstein, and Robert Winegarden, D.M.D, s/h/a Dr. Robert Winegarten, respectively, and, so considered, said judgments unanimously affirmed, without costs.

The trial court correctly granted defendants' motion for judgment as a matter of law at the close of plaintiff's dental malpractice case (*see* CPLR 4401; *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Plaintiff claims that defendants should have treated him with implants, rather than a bridge. However, his expert testified that, although he favored implants, both implants and a bridge were appropriate treatment options (*see Durney v Terk*, 42 AD3d 335 [1st Dept 2007], *lv denied* 9 NY3d 813 [2007]).

The trial evidence demonstrates that, contrary to his contention, plaintiff's consent to the insertion of a bridge was informed (*see Orphan v Pilnik*, 15 NY3d 907 [2010]).

Nothing in the trial record shows judicial bias warranting a mistrial (*see Noboa-Jaquez v Town Sports Intl., LLC*, 138 AD3d 493 [1st Dept 2016]).

The court properly precluded plaintiff's expert from testifying as to bone grafting since no theory of liability involving bone grafting was included in plaintiff's expert disclosure (*see* CPLR 3101 [d]), or his bill of particulars.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Kapnick, Webber, Gesmer and Oing, JJ.