Leffler v Kotick (2020 NY Slip Op 05815)





Leffler v Kotick


2020 NY Slip Op 05815


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Friedman, J.P., Manzanet-Daniels, Kern, Moulton, JJ. 


Index No. 155820/18 Appeal No. 12088 Case No. 2020-01773 

[*1]Marc Leffler, Plaintiff-Respondent,
v
Joel M. Kotick, Defendant-Appellant.


Joel M. Kotick, New York, appellant pro se.
Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), for respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered September 27, 2019, which denied defendant's motion for summary judgment dismissing the complaint, and granted plaintiff's motion for partial summary judgment on his defamation claim, unanimously affirmed, without costs.
The motion court properly determined that plaintiff established, prima facie, that defendant made substantially false statements, to a nonprivileged party, that plaintiff committed and suborned perjury at a trial, where the parties were opposing counsel, which constituted defamation per se (see Dillon v City of New York, 261 AD2d 34, 38 [1st Dept 1999]; Liberman v Gelstein, 80 NY2d 429, 435 [1992]). Defendant's subsequent complaints to the Attorney Grievance Committee were determined to be unfounded, and this Court affirmed the directed verdict in the trial where the allegedly perjurious testimony was elicited by plaintiff (Reid v Rubinstein, 155 AD3d 448 [1st Dept 2017]).
In denying defendant's summary judgment motion, the court properly determined that he failed to establish, prima facie, that plaintiff committed or suborned perjury, as there was no admissible evidence that plaintiff knowingly or intentionally produced witnesses to give false sworn testimony, or that this allegedly false testimony was material to the trial (see Penal Law §§ 210.10, 210.15).
We have considered defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020