Morris v Ten Thirty One Productions LLC (2022 NY Slip Op 02092)





Morris v Ten Thirty One Productions LLC


2022 NY Slip Op 02092


Decided on March 29, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2022

Before: Kapnick, J.P., Webber, Friedman, Kennedy, Mendez, JJ. 


Index No. 151358/18 Appeal No. 15601 Case No. 2021-01805 

[*1]Shanon Morris, Plaintiff-Appellant,
v
Ten Thirty One Productions, LLC, Defendant-Respondent.


Shayne, Dachs, New York (Jonathan A. Dachs of counsel), for appellant.
Lippman & McCarthy, Elmsford (Peter H. Cohen of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 12, 2021, which denied plaintiff's motion for summary judgment on liability, unanimously affirmed, without costs.
Plaintiff alleges that she was injured at a Halloween-themed attraction operated by defendant when a fog machine, which was secured at the top of a wall in a wooden maze, fell from the wall and hit her.
Plaintiff failed to establish prima facie that defendant was negligent in its maintenance of the attraction by failing to properly secure the fog machine (see Maheshwari v City of New York, 2 NY3d 288, 294 [2004]; Tagle v Jakob, 97 NY2d 165, 168 [2001]). According to the deposition testimony, the fog machines in the maze were generally secured to the top of the maze wall by aircraft cable. Although it was not clear from the testimony whether this fog machine was secured with cable or secured in some other way, such as with a brace, there was no evidence in the record to show that defendant knew or should have known that the fog machine was in danger of falling. Defendant's chief operations officer testified that the machine had never fallen before the night plaintiff was injured. Further, the testimony established that the installation and inspection of the fog machines was done by a third-party vendor, and plaintiff failed to show that defendant knew or should have known that the third-party vendors' conduct in the installation and inspection of the machines was likely to endanger visitors to the attraction (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Kalish v HEI Hospitality, LLC, 114 AD3d 444, 445 [1st Dept 2014]).
The motion court also correctly concluded that the doctrine of res ipsa loquitur was inapplicable because plaintiff failed to show as a matter of law that defendant had exclusive control over the fog machine (see Jainsinghani v One Vanderbilt Owner, LLC, 162 AD3d 603, 604 [1st Dept 2018]; Galue v Independence 270 Madis0n LLC, 119 AD3d 403, 403 [1st Dept 2014]).
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 29, 2022