Jimenez v PR Grand Hotel Owner Co., LLC (2022 NY Slip Op 06167)

Jimenez v PR Grand Hotel Owner Co., LLC

2022 NY Slip Op 06167

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Renwick, J.P., Kern, Moulton, Mendez, Pitt, JJ. 

Index No. 23525/16E Appeal No. 16584 Case No. 2021-04691 

[*1]Jay Jimenez, Plaintiff-Appellant,
v
PR Grand Hotel Owner Co., LLC, et al., Defendants-Respondents.

Michael J. Aviles & Associates, LLC, New York (Natascia Ayers of counsel), for appellant.
Varvaro, Cotter, & Bender, White Plains (Lisa L. Gollihue of counsel), for PR Grand Hotel Owner Co., LLC, respondent.
Litchfield Cavo LLP, New York (Christopher A. Long of counsel), for PS Marcato Elevator Co., Inc., respondent.

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered on or about August 31, 2021, which, to the extent appealed from, denied plaintiff's cross motion for summary judgment on liability and to strike defendants' comparative negligence affirmative defenses, unanimously affirmed, without costs.
Supreme Court correctly denied plaintiff's cross motion for summary judgment, as numerous questions of fact exist. Plaintiff's testimony as to prior injuries due to problems with the glass elevator doors was contradicted by the testimony of defendant PR Grand Hotel Owner Co., LLC's front office director, Elmo Wells. The majority of records referred to the glass elevator in general and none of the records indicating work was either performed or was necessary specified which of the glass elevator's two doors the record referred to, which raise questions of fact as to whether defendant PS Marcato Elevator Co., Inc. had notice of problems with the door operator, the various rollers, and the door sensor on the glass elevator door that serviced the hotel's ground floor. A general awareness that a dangerous condition might be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's accident (see Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]).
There was also conflicting testimony as to the instructions received by plaintiff and his coworkers as to their duty with elevator problems. Plaintiff testified that hotel staff were instructed to manually close the doors to get them working, while Grand's witness Wells testified that hotel staff were specifically instructed not to do so, and Marcato's witnesses testified that hotel policy was to call engineering or the front desk. Questions of fact exist as to what effect was had by hotel employees' pushing the doors opened or closed, as well as directly pushing on the electronic door sensors located on the edge of each of the glass elevator's ground floor and sky lobby doors (see Morris v Ten Thirty One Productions LLC, 203 AD3d 629, 630 [1st Dept 2022]).
Furthermore, those actions by plaintiff and hotel staff, as well as the parties' experts' conflicting opinions, create questions of fact as to res ipsa loquitur (see Ezzard v One E. Riv. Place Realty Co., LLC, 129 AD3d 159, 162-163 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022